Ray B. HERROD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–32.

Court of Criminal Appeals of Oklahoma.

July 31, 1973.

William J. Ervin, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Ray B. Herrod, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Pittsburg County, Case No. F–72–30, for the offense of Escape From the State Penitentiary, After Former Conviction of a Felony, his punishment was fixed at ten (10) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial James Young, Assistant Record Clerk at the Oklahoma State Penitentiary, testified that the defendant was received at the penitientiary on May 15, 1965, to serve a twenty-five year sentence for Manslaughter, First Degree; that according to the records of the penitentiary, the defendant escaped on February 24, 1972, and was returned on February 26, 1972. The records do not indicate that the defendant was given permission to leave the penitentiary.

Clyde Mackey testified that on the 24th day of February 1972 he was employed as a Captain of the Guards at the penitentiary; that the defendant was locked in a cell on the maximum segregation ward at approximately 7:00 p. m. The following morning the defendant was missing from the cell. A dummy had been placed on defendant's bed. He subsequently discovered that a bar in one of the windows had been cut and pried up. Several sheets were found tied together on the wall behind the maximum segregation area.

Deputy Sheriff Alex Staples testified that on February 26, 1972, he and other officers found the defendant hiding in a closet in a trailer house located near Featherston, Oklahoma.

Trooper Mike Harrison's testimony as to the arrest of the defendant, did not differ substantially from the testimony of Deputy Staples.

Defendant did not testify nor was any evidence offered in his behalf.

■ The first proposition asserts that "It is improper to charge 'After Former Conviction of a Felony' under habitual criminal statute when charging accused with the crime of escape from the penitentiary." The attorney general confesses that this proposition is well taken. In dealing with a similar proposition in Chester v. State, Okl.Cr., 485 P.2d 1065 we stated:

"We therefore hold it is improper to charge 'after former conviction of a felony' under the habitual criminal statute, 21 O.S.Supp.1970, § 51, when charging an accused with the crime of escape from the penitentiary as provided in 21 O.S.1961, § 443."

■ The second proposition contends that the trial court erred in not striking from the Information the portion which states that appellant was incarcerated at the Oklahoma State Penitentiary for the crime of Manslaughter in the First Degree. We are of the opinion that this proposition is without merit. In Conway v. State, Okl.Cr., 483 P.2d 350 we stated:

"We are of the opinion that it is incumbent upon the state to set forth the reasons and grounds for which a defendant is legally incarcerated in the penal institution. A similar allegation in an information was approved by this Court in

the case of Perry v. State, 80 Okl.Cr. 58, 157 P.2d 217."

■ The final proposition asserts that the prosecuting attorney made improper remarks in closing argument. This proposition is also well taken. The record reflects the prosecuting attorney made the following remarks:

". . . Second, we need to let all of these inmates out there know that they are going to be convicted if they commit the crime of Escape. Hopefully it will serve as some deterent, at least they will know what they've got to face if they are going to take it upon themselves to escape from the penitentiary. We all have one thing in common, we are all citizens of Pittsburg County, and I think you will agree with me that the citizens of this county and this community, including yourself, myself and our families, have a right to be protected from these inmates escape. There is only one way—" (Tr. 51)

Defendant timely objected to the remarks and requested the court to admonish the jury which objection was overruled. We are of the opinion that such remarks are highly improper, however, we do not deem them to be reversible error in view of the fact that they occurred during the second stage of the proceedings, after the defendant had already been found guilty. We further observed that the jury was not prejudiced by said remarks in that they return the minimum sentence provided by the court's instruction.

The judgment and sentence is accordingly modified to reflect a conviction for Escape From the State Penitentiary for a term of six (6) years imprisonment and as so modified, the judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.