Phillip Bradley POLK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–892.

Court of Criminal Appeals of Oklahoma.

March 9, 1977.

Pete Silva, Jr., Asst. Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Phillip Bradley Polk, hereinafter referred to as defendant, was charged in the District Court, Tulsa County, with the crime of Robbery With Firearms, After Former Conviction of a Felony, Case No. CRF–76–399. After a jury trial a guilty verdict was returned. Punishment was assessed at fifty (50) years' imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

The State presented only one witness, Mrs. Sammie Baker Bouldin, the victim of the alleged robbery. She testified that she and her husband operated American Loan and Brokerage, 113 West Third Street, Tulsa, Oklahoma. She stated further that on February 11, 1976, she was at her place of business when the defendant entered the store. Mrs. Bouldin testified that the defendant came in alone and inquired about a loan, saying that he had a CB radio for collateral. She explained to him that they were not a pawnshop, and gave him directions to such a shop; whereupon, the defendant stepped out the door onto the sidewalk for a moment and then returned. Defendant again asked directions to the pawnshop and then pointed a gun at Mrs. Bouldin and demanded money. He took cash money, a man's watch and one or more of Mrs. Bouldin's rings. He then walked from the store until Mrs. Bouldin could no longer see him. Three days after the robbery she attended a lineup and picked out the defendant.

On cross-examination Mrs. Bouldin stated that when she gave her description of the robber to the police, she stated that the man had a noticeable peculiarity of his right eye. She stated that the eye "was looking sometime in a different direction, which I thought at first was a defect." (Tr.

17) On re-direct Mrs. Bouldin testified that on the day of the robbery she identified a photograph of the defendant from a selection of photographs shown to her by the police. The State then rested.

The defendant's demurrer and motion for directed verdict of acquittal were overruled.

The defendant then called Dorothy Bayless to the stand. Ms. Bayless, court reporter for Tulsa County, testified that she reported the preliminary hearing of this case held on March 5, 1976. She recalled the testimony of Mrs. Bouldin regarding the lineup at which she selected the defendant. Ms. Bayless testified that Mrs. Bouldin stated at the preliminary hearing that the man she selected in the lineup had a defective eye. The defense then rested.

The case was submitted to the jury and a verdict of guilty was returned. Prior to the start of the second stage, the defendant apparently escaped from custody. The second stage was then held over defense counsel's objection, resulting in a term of 50 years' imprisonment. Said sentence being later formally imposed upon the defendant's return to custody.

Defendant's first assignment of error is that certain comments of the prosecutor during closing argument amounted to unfair comment, designed to arouse the passions and sympathies of the jury. The comments complained of are reflected in the transcript as follows:

"[MR. HOPPER] . . . You know, it's a shame that you have a 60 year old woman, her and her husband working, trying to make an honest living, wearing rings that meant something to her, right downtown of Tulsa, can't do a day's work without somebody like Phillip—

"MR. SILVA: Your Honor, at this time I must object. Mr. Hopper is making a plea to the sympathy and sentiments of the jury. Ask that the jury be admonished.

"MR. HOPPER: If this is a plea to have sympathy and sentiment, Your Honor, these are the facts, this is the evidence." (Tr. 38–39)

Defendant's objections to this comment were overruled. Similarly, the prosecutor stated:

"[MR. HOPPER] . . . Now, if you want to say: Mr. Hopper, this jury will not, this jury will not send a man to the penitentiary on the testimony of one witness, well, then, you tell the Phillip Bradley Polks, just make sure the next place you rob there is just one witness around because the juries here in Tulsa County demand more than that.

"Do you suppose that is why you read in the paper almost every morning a Quik-Trip, a Git-N-Go or a U-Tote-M—" (Tr. 39)

At this point, defendant's objection and motion for mistrial were overruled, with exceptions.

Defendant asserts that the effect of these comments and of the trial court's refusal to admonish the jury was to deny him a fair trial, and that the judgment and sentence should, therefore, be reversed.

■ We are of the opinion that the events complained of are error. See, *Sizemore v. State*, Okl.Cr., 507 P.2d 1330 (1973). However, they are not so serious as to require reversal. The error complained of has not resulted in a miscarriage of justice.

Defendant's second assignment of error argues for a modification of his sentence, defendant asserts that certain remarks of the prosecutor were so inflammatory as to prevent the jury from arriving at a fair sentence. The remarks complained of herein were made by the prosecutor during closing argument on the second stage proceeding, and are reflected in the record as follows:

"[MR. HOPPER] . . . How many of you thought about what went through the mind of Mrs. Bouldin last night when she heard on the news that Phillip Bradley Polk had escaped?

"MR. SILVA: Your Honor, at this time, I must object to it. This is an obvious—

"MR. HOPPER: He brought out the escape, I didn't, Your Honor.

"MR. SILVA: I'm talking about—

"MR. HOPPER: I didn't talk about him running.

"MR. SILVA: I'm talking about the plea for the sympathy and sentiment of this jury for Mrs. Bouldin and improper argument and Mr. Hopper knows it." (Tr. 76)

■ Defendant does not complain about the reference made to his escape; rather, he asserts that he was prejudiced when the prosecutor attempted to relate this escape to the feelings that the State's witness must have had when she learned of it. Defendant's objections to his comment were overruled. It is impermissible for a prosecutor to go outside of the record for the purpose of appealing to passions and prejudices of the jury. *Sykes v. State,* 95 Okl.Cr. 14, 238 P.2d 384 (1951).

■ We are convinced that the remarks complained of were sufficient to create prejudice in the jury such that an excessive sentence was assessed; and, therefore, that the sentence should be modified from fifty (50) years to ten (10) years, and as modified the judgment and sentence should be affirmed.

For the foregoing reasons the judgment and sentence appealed from is *MODIFIED* from fifty (50) years to ten (10) years' imprisonment, and as modified is *AFFIRMED.*

BUSSEY, P. J., and BLISS, J., concur.