**Lawrence S. BITTAKER,**
**Petitioner-Appellee,**

v.

**J. J. ENOMOTO, Respondent-Appellant.**

No. 75–3419.

United States Court of Appeals,
Ninth Circuit.

Aug. 3, 1978.

Rehearing and Rehearing En Banc
Denied Dec. 6, 1978.

Howard J. Schwab, Deputy Atty. Gen.
(argued), Los Angeles, Cal., for respondent-
appellant.

Jerome B. Falk, Jr. (argued) and Steven
L. Mayer, San Francisco, Cal., for peti-
tioner-appellee.

Before MERRILL, GOODWIN and
TANG, Circuit Judges.

GOODWIN, Circuit Judge:

Lawrence S. Bittaker was convicted
in a California court on a charge of burgla-
ry some four years before *Faretta v. Cali-
fornia,* 422 U.S. 806, 95 S.Ct. 2525, 45
L.Ed.2d 562 (1975), confirmed to defendants
in state prosecutions the constitutional
right of self-representation earlier recog-
nized in federal courts. Bittaker brought
habeas corpus before *Faretta.* The district
court held after *Faretta* that the state's
denial of Bittaker's right of self-representa-
tion was a federal constitutional defect re-
quiring the setting aside of his state convic-
tion. The state appeals; we affirm.

While the parties have briefed and ar-
gued the case in terms of the "retroactivi-
ty" of *Faretta,* it is not necessary to reach
that question because the law of this circuit
at the time of Bittaker's state court trial
had already been established in a fashion
consistent with the Supreme Court's state-
ment of the law in *Faretta. Arnold v.
United States,* 414 F.2d 1056, 1058 (9th Cir.
1969), *cert. denied,* 396 U.S. 1021, 90 S.Ct.
593, 24 L.Ed.2d 514 (1970); *Bayless v. Unit-
ed States,* 381 F.2d 67, 71 (9th Cir. 1967).
This circuit had stated in federal cases that
self-representation was a corollary of the
Sixth Amendment right to counsel. Be-
cause the defendant could waive his Sixth

Amendment right, we said he could also insist on self-representation as a constitutional, as well as a statutory, right. Until now, we have had no occasion to apply the federal constitutional right to state habeas petitioners. The Second Circuit, however, had done so. *United States ex rel. Maldonado v. Denno,* 348 F.2d 12, 15 (2d Cir. 1965). We avoided the question in *Meeks v. Craven,* 482 F.2d 465, 466 (9th Cir. 1973), because the petitioner's assertion of the right was inadequate.

There can be little doubt, however, that, if squarely faced with the issue, we would have applied the right to self-representation to a state habeas petitioner.

■ We had already characterized the right as a constitutional one in *Arnold v. United States,* 414 F.2d at 1058. The Supreme Court had previously applied virtually the entire Sixth Amendment to the states. *Duncan v. Louisiana,* 391 U.S. 145, 148, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Accordingly there was no obvious reason to refuse to apply the implied Sixth Amendment right to self-representation as well.[1] We therefore agree with the district court that Bittaker would have been entitled to habeas relief had he sought it under the pre-*Faretta* law of this circuit.

The state emphasizes that *Faretta* has a somewhat different conceptual basis from our prior holdings. The Supreme Court held that the right to self-representation is implied in the structure of the Sixth Amendment. We had expressed it as a counterpart to the right to counsel.

According to the state, the conceptual distinction makes our previous cases irrelevant. We disagree. Before *Faretta* a state defendant in this circuit had a federal constitutional right to self-representation. After *Faretta* the right was the same, whether or not its rationale was expressed in the same terms. The state would have us tell Bittaker that even though he had the same right before *Faretta* as prisoners in other circuits have since, we must refuse relief because the Supreme Court used different words than we had used in justifying that right. We will not engage in such a verbal minuet.

■ Finally, the state argues that we should apply the harmless-error doctrine to denials of the right of self-representation.[2] Again, we disagree.

Before *Faretta* we had held that the defendant need not show prejudice resulting from the denial of the right. *United States v. Price,* 474 F.2d 1223, 1227 (9th Cir. 1973). The Supreme Court vacated the judgment in *Faretta* without considering possible prejudice to the defendant. 422 U.S. at 836, 95 S.Ct. 2525. Indeed, it noted that in most cases a defendant's case will suffer if he or she asserts the right. 422 U.S. at 834, 95 S.Ct. 2525. Some defendants may be able to show prejudice from the assistance of unwanted counsel, but we will not speculate on the volume of such cases. To require such a showing could make the right to conduct one's own defense virtually unenforceable on appeal in the majority of cases.

1. Before *Faretta,* California courts denied that there was such a right. *People v. Sharp,* 7 Cal.3d 448, 103 Cal.Rptr. 233, 499 P.2d 489, *cert. denied* 410 U.S. 944, 93 S.Ct. 1380, 35 L.Ed.2d 610 (1973). A district court used this fact to deny habeas relief in *Houston v. Nelson,* 404 F.Supp. 1108, 1115 (C.D.Cal.1975). The district court noted that before *Faretta* the Ninth Circuit and California had different rules, and it therefore applied the California standard to a state habeas petitioner. This decision was never reviewed by this court. Federal courts must apply federal constitutional law in cases properly before them under the federal habeas statute. *Sesser v. Gunn,* 529 F.2d 932, 934–35 (9th Cir. 1976). It is thus a district court's duty

to apply the law of the appropriate circuit to all persons presenting claims within its jurisdiction. State interpretations of the federal constitution and laws are persuasive authority, but a district court may consider them on federal questions only if the question is otherwise open.

2. The state mentions several times that one of its prisoners who may benefit from the *Faretta* decision is Charles Manson. We do not encourage this type of advocacy. A federal court must make its decisions in accord with the Constitution and the laws, without regard to the notoriety of parties or nonparties.

The purpose of the right is to protect the defendant's personal autonomy, not to promote the convenience or efficiency of the trial. 422 U.S. at 834, 95 S.Ct. 2525. Thus, a denial of the right automatically prejudices the defendant's freedom interest. More is unnecessary. We do not reach other arguments urged in support of the judgment below.

Affirmed.