**Bruce McGregor DAVIS, Petitioner,**

v.

**Paul J. MORRIS, Warden, Respondent.**

No. 79 0260–R(P).

United States District Court,
C. D. California.

April 29, 1980.

Larry L. Scissors, Los Angeles, Cal., for petitioner.

Howard J. Schwab, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

### OPINION

REAL, District Judge.

The Magistrate has filed his report and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and General Order 194 of this Court recommending issuance of the writ requested by petitioner. The Court disagrees with the recommendation and is of the opinion that the petition should be denied.

Petitioner was convicted in the Superior Court for Los Angeles County on two counts of violation of California Penal Code § 187 (first degree murder) and one count of violation of California Penal Code § 182.1 (conspiracy to commit murder and robbery). He now challenges the convictions upon the following grounds:

1. Denial of his constitutional right of self-representation.

2. Coercion of the jury to return a verdict.

3. Intimation by the trial judge that a guilty verdict should be returned by the jury.

4. Substitution of an alternate juror during deliberations.

Grounds 2, 3 and 4 are factually unsupportable by the record of the trial and no violation of the constitutional rights of the defendants is proven upon those grounds.

Petitioner contends that he was unconstitutionally denied the right of self-representation guaranteed him by the United States Constitution and expressly held absolute in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

■ Petitioner was tried in 1972 and so the Court must find *Faretta* (supra) retroactive before petitioner can receive the benefits of that Supreme Court opinion. The California Supreme Court in *People v. McDaniel*, 16 Cal.3d 156, 545 P.2d 843, 127 Cal.Rptr. 467 (1976) eschewed the retroactivity of *Faretta*. This Court finds no reason to disagree with the searching analysis made by Chief Justice Wright writing for a unanimous court in *McDaniel*.

■ Petitioner argues that although *Faretta* may not be held to be retroactive that he is entitled to relief nonetheless because the Ninth Circuit had determined that the right of self-representation was a constitutional right. He relies on *Bittaker v. Enomoto*, 587 F.2d 400 (9th Cir. 1978) and *Walker v. Loggins*, 608 F.2d 731 (9th Cir. 1979) to support his contentions. In this regard he reads too much into those decisions. Relying on *Arnold v. United States*, 414 F.2d 1056 (9th Cir. 1969) and *Bayless v. United States*, 381 F.2d 67 (9th Cir. 1967)

the Court in *Bittaker* and *Loggins* (supra) held that a state defendant had a constitutional right to self-representation before the Supreme Court's decision in *Faretta*. In its reliance on *Arnold* and *Bayless* (supra) the Ninth Circuit in *Bittaker* and *Loggins* does not clearly define this right as "absolute" and as such California courts were free to make determinations of competing rights of fair trial not addressed to "convenience or efficiency of the trial." *Bittaker* (supra) at p. 403, but rather to a fundamental concern that defendants undertaking to represent themselves appreciate the seriousness of the charges *and* present a meaningful defense in cases involving liberty and possibly even death. This case presents the question classically for the trial judge found only superficial understanding of substantial procedures that would seriously compromise petitioner's defense in a capital case. Fair trial rights can have no less importance in the administration of justice than can the right of self-representation now raised to constitutional dimensions of absolutism in *Faretta*.[1]

The trial judge was right. Petitioner's constitutional rights have not been violated by the intervention of *Faretta*.

The petition is denied.

---

1. Indeed, the Ninth Circuit held prior to *Faretta* in *U. S. v. Dujanovic*, 486 F.2d 182, 186–87 (9th Cir. 1973) that unruly or obstreperous conduct can well stand as a voluntary relinquishment of the limited constitutional right to proceed pro se. Davis' request for leave to proceed pro se in the context of similar requests by co-defendants Charles Manson and Susan Atkins could well have persuaded the trial judge to deny Davis such leave in an effort to avoid the strong probability of disruption.