**Michael LeRoy COLEMAN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–642.**

Court of Criminal Appeals of Oklahoma.

Sept. 4, 1980.

Stanley D. Monroe, Appellate Public Defender, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Kay Jacobs, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Michael LeRoy Coleman, appellant, was convicted by jury of the crime of Robbery With Firearms, After Former Conviction of a Felony, in CRF–77–3265, Tulsa County, and sentenced to seventy–five (75) years in the custody of the Department of Corrections.

Mrs. Gwendolyn Cotton testified that on September 19, 1977, she was robbed at gunpoint while working as a cashier at the Oklahoma Natural Gas Company in Tulsa. She described the robber as black, with an uncombed "afro," with "large pores or something on his face." She looked through approximately five books of photographs the day of the robbery and did not identify a suspect. One week later, Mrs. Cotton examined two books of photographs and an additional stack of 80 to 100 individual photos. At that time she found a photograph that merely *resembled* the robber. Two weeks later, she identified the appellant from a stack of 15 to 20 photographs, saying, "I believe this is the man." Mrs. Cotton was the only identification witness.

Prior to jury selection, the appellant's motion to represent himself was denied. The appellant's first proposition of error is that the trial court erred by refusing to allow him to represent himself. Before the trial began, but just prior to jury selection, the appellant entered a motion to represent himself and proceed pro se, which the trial court denied. The court reasoned that the appellant's lack of legal knowledge, and the State's interest in maintaining security, in that the appellant was a prior jail escapee, necessitated denial of the motion.

■ The United States Supreme Court has established that a defendant has an independent fundamental right guaranteed by the Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, to represent himself at all stages of criminal proceedings, if he elects to do so. *Faretta* v. *California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Parker v. State*, Okl. Cr., 556 P.2d 1298 (1976). A trail court *cannot* force a defendant to accept counsel or refuse to dismiss court–appointed counsel if the defendant elects to represent himself.

■ Lack of knowledge of the law is not a valid reason for the trial court to refuse to grant a defendant's motion. *Faretta v. California*, supra. Neither is the court's reason of security a proper basis for such a denial. In *United States v. Dough-*

*erty*, 473 F.2d 1113 at 1126 (D.C.Cir.1972), the federal court rejected this contention and concluded that the right to defend pro se could not be denied because of the anticipation of disruptive conduct. That court said, "In effect the unqualified right of self representation rests on an implied presumption that the court will be able to achieve reasonable cooperation. The possibility that reasonable cooperation may be withheld, and the right later waived, is not a reason for denying the right of self representation at the start." This is not to say that a criminal defendant may not be denied the right to self–representation if he persists in disorderly, disruptive, and disrespectful behavior after a judge has warned him that such conduct may constitute a waiver of his right.

■ Alternatively, the state argues that the motion was appropriately denied because it was not timely. The request was made before the jury was selected. The record contains no hint that the motion was a tactic to secure delay, and there is nothing that suggests that any delay would have attended the granting of the motion. If counsel is discharged because of Sixth Amendment ineffectiveness, appointment of new counsel ordinarily leads to a continuance to allow new counsel adequate preparation time. Similarly, a defendant who elects to proceed pro se after dismissing his counsel, whom he considers to be ineffective, should also be provided time for preparation. Where a pro se choice arises for reasons other than appointed counsel's incompetence, however, the defendant has presumably waived his right to effective assistance. Therefore, the trial court usually could proceed without delay. In this case both the prosecutor and court–appointed counsel knew of defendant's desire to proceed pro se. However, no effort was made to inform the court until time for trial.

■ This is not to say that the right to proceed pro se is without restrictions. First, the trial court must determine whether the accused has made a sufficient demand to represent himself. In the case at

bar, his intention to do so is stated unequivocally. Next, the court is to determine whether the defendant has the capacity to decide intelligently and to understand what he is doing, i. e., whether he can make a valid waiver of his right to counsel. There is necessarily some minimum standard of competency required to defend oneself. Only the fully competent defendant will be permitted to waive his right to counsel. Competency to stand trial and competency to proceed pro se are not synonymous. Factors such as extreme youth, senility, or lack of education should be considered by the trial court.

Next, the trial court should determine that the defendant is making a waiver of his right in a voluntary, knowing and intelligent manner. *Johnson v. State*, Okl.Cr., 556 P.2d 1285 (1976). The trial judge must clearly explain to the defendant the inherent disadvantages in such a waiver, including a lack of knowledge and skill as to rules of evidence, procedure and criminal law. The record must establish that "he knows what he is doing and his choice is made with eyes open." *Faretta v. California*, supra. The defendant should be especially aware of the rules promulgated in *Parker v. State*, supra, as follows: that the trial court is not required to appoint standby counsel, that the defendant will waive any argument of incompetent counsel as a basis for appeal, and that the trial judge will not effectively operate as counsel or cocounsel for the defendant. It is noteworthy, however, that this Court maintains the position that the preferable choice for the trial court is that standby counsel be appointed. *Johnson v. State*, supra.

When an accused elects to proceed without counsel, he chooses a course through unfamiliar waters, where the likelihood of legal error is substantial. The right to self–representation, however, will continue to be exercised. Accordingly, both the judiciary and the bar must fully appreciate the ramifications of this constitutional right and must endeavor, in every case, to carefully advise the accused of the hazards. Once explained, the legal field's conscience should be relieved since the accused alone suffers the consequences of his decision.

In his second assignment the appellant complains of the State's closing argument, in which the prosecutor commented extensively on matters outside the record during the first stage of the trial.

This Court has frequently stated that attorneys are not to be permitted to argue matters which are outside the record for the purpose of playing on the jury's emotions. See for instance *Bryant v. State*, Okl.Cr., 585 P.2d 377 (1978), and *Polk v. State*, Okl.Cr., 561 P.2d 558 (1977).

The argument of which the appellant complains is as follows:

"... Now, is that what you want the law to be in Tulsa? Is your message going to be that the Tulsa Police Department when you are called to the scene of an armed robbery and you can come up with one victim—

"MR. SILVA: Your Honor, I'll object, the purpose of the trial is the verdict, it is not to send a message other than the defendant charged in the case, I'll object to that.

"THE COURT: I'll deny it.

"MR. SILVA: Exception.

"THE COURT: Exception allowed.

"MR. BAKER: It this to be the law in this community? Police officers when you get there if there is just one witness, forget it, don't even open the case, prosecutors don't come into court with just one witness. So, therefore, from now on armed robbers if you have just one witness against you, you are home free. That's what he said, one is not enough. He says that the State's case rests on Gwendolyn Cotton. I'll gladly rest it on her. If you don't believe her, find this man not guilty, ladies and gentlemen. The crime is a problem in this country and we all know that its bombarding on us every day. I'll—

"MR. SILVA: I'll object as having nothing to do with the evidence. It's not comment in this case, it's an appeal for sympathy, sentiment of the jury and I'll object.

"THE COURT: Denied.

"MR. SILVA: Exception.

"THE COURT: Allowed.

"MR. BAKER: How many times, ladies and gentleman, have you been in your own homes or with friends of yours when crimes are called to your attention in the press or somewhere and how many times have you said or heard somebody else say, 'Why didn't somebody do something about this?' Well, now the they are you, here is your chance to do something, not about crime in the United States, but about one crime in Tulsa County, Oklahoma . . . ."

Arguments of this type have been held to be grounds for modification where they occurred in the second stage, after a finding of guilt—*Herrod v. State*, Okl.Cr., 512 P.2d 1401 (1973)—or where the State's case was so strong that a second trial would unquestionably result in an identical verdict—*Cooper v. State*, Okl.Cr., 584 P.2d 234 (1978). But, in the present case, the improper argument occurred during the first stage. And it is so inflammatory that this Court cannot say, beyond a reasonable doubt that another trial would reach the same result.

We therefore, conclude that this case must be *REVERSED* and *REMANDED* to the District Court for further proceedings.

CORNISH, P. J., specially concurs.

BUSSEY, J., concurs in results.

CORNISH, Presiding Judge, specially concurring:

A defendant in a state criminal trial has a constitutional right to represent himself if he voluntarily and intelligently elects to exercise that right. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The request to proceed pro se, however, must be unequivocal. *Felts v. State*, Okl.Cr., 588 P.2d 572 (1978). In the present case the appellant's request was stated in the following way on page 6 of the transcript.

THE DEFENDANT: If I was afforded legal law books and excess (sic) to law library, I'm quite sure that I could proper represent myself and the time to do it.

The appellant seemed to be conditioning his request to proceed pro se on access to a law library. For security reasons a prisoner may—be denied access to a law library. See, *United States v. West*, 557 F.2d 151 (8th Cir. 1977); *United States v. Chatman*, 584 F.2d 1358 (4th Cir. 1978). The question to be answered then is whether the appellant unequivocally requested to represent himself or if he only wished to represent himself if he could have access to a law library. Unfortunately the trial judge did not question the appellant as to this matter. If the appellant was conditioning his request on the availability of library facilities then by the above cited circuit court decisions his request could probably have been properly denied. If the appellant was requesting self–representation under any circumstances then it was error to deny the request.

A second ground upon which a trial court could validly deny a request for self–representation is if the request is not timely. *United States v. Denno*, 348 F.2d 12 (2nd Cir. 1965). What constitutes a timely request has not been uniformly defined by the federal courts. One court has said that a request will be considered timely if made before the jury is selected, absent an affirmative showing that it was a tactic to secure delay *Chapman v. United States*, 553 F.2d 886, 887 (5th Cir. 1977). Another court has held the request to be timely if made before the jury is sworn. *United States v. Price*, 474 F.2d 1223 (9th Cir. 1973).

In any event the request must be made before meaningful trial proceedings have started. *United States v. Lawrence*, 605 F.2d 1321 (4th Cir. 1979). In the present case the request was made before any actual trial proceedings. The appellant's request was therefore timely made.

The final point to be made concerning the right to self–representation is that the harmless error doctrine of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), does not apply to an error denying the self–representation right. Denial to the right to self–representation requires automatic reversal. *Faretta v. California*, su-

pra, *Bittaker v. Enomoto*, 587 F.2d 400 (9th Cir. 1978) *cert. denied* 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386.

BUSSEY, Judge, concurring in results:

Although I believe that the dissenting opinions in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), more accurately assess and interpret the constitution, we are bound by the majority holding therein and, accordingly, I concur in the results reached by my colleague, BRETT, J.