**Bruce McGregor DAVIS, Petitioner-Appellant,**

v.

**Paul J. MORRIS, Warden, Respondent-Appellee.**

No. 80–5695.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 1981.

Decided Oct. 1, 1981.

Rehearing and Rehearing En Banc Nov. 30, 1981.

Larry L. Scissors, Los Angeles, Cal., for petitioner-appellant.

Howard J. Schwab, Los Angeles, Cal., for respondent-appellee.

Before CHAMBERS and HUG, Circuit Judges, and HENDERSON,* District Judge.

CHAMBERS, Circuit Judge:

Davis was convicted in California in 1972 of two counts of first degree murder and of one count of conspiracy to commit murder and robbery. He was sentenced to concurrent life sentences with the judge's recommendation that he not be released during his lifetime unless the California Adult Authority was convinced that he would not be a danger to the community.

We have reviewed the arguments raised by Davis and find them to be unpersuasive. We restrict our discussion to the single issue of his right to represent himself at his trial. When he sought to assert this right at the outset of his trial, after careful and thorough questioning, the judge centered his attention on Davis' ability to conduct his defense so as to preserve his constitutional rights. He then concluded that Davis was not authorized to waive his constitutional right to representation by counsel, a determination that was consistent with California law prior to the United States Supreme Court's decision three years later in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The subject was thereafter renewed but again the trial judge, after questioning Davis, concluded that Davis ought to have the services of an attorney for the effective presentation of his case within constitutional standards then applicable under California law.

An appeal was taken to the California court of appeal and Davis' attorney presented a variety of issues, many of them raising claims of error in matters of law, e. g. the denial of motions for change of venue, for the quashing of petit and grand jury panels, for severing of counts; error in the admission of evidence and giving of instructions; a claim of prosecutor misconduct, etc. In a lengthy opinion, the California court of appeal rejected these claims of error and also rejected a claim, made in Davis' reply brief, that he had been denied a federal constitutional right to represent himself under *Faretta v. California*, which was decided three years after Davis' trial, but while his appeal was pending. The court of appeal's discussion of the *Faretta* issue consumed less than a half of a page of the extensive, 79-page, typed opinion. The court summarily denied relief on this issue stating that *Faretta* had recently been held to be non-retroactive by the California Supreme Court in *People v. McDaniel*, 16 Cal.3d 156, 127 Cal.Rptr. 467,

---

* The Honorable Thelton E. Henderson, United States District Judge for the Northern District of California, sitting by designation.

545 P.2d 843 (1976.)[1]  The judgment of conviction was affirmed, the California Supreme Court denied a hearing, and the United States Supreme Court denied certiorari.

In January 1979, Davis (again through his attorney) filed an application in federal district court for a writ of habeas corpus. No such application had been made to the state court. He contended that *Faretta* was retroactive in effect. He also argued, now for the first time, that even if it were not retroactive, the law of this circuit prior to the decision in *Faretta* had required that he be granted his motion to represent himself. The district judge denied the writ and Davis appealed to this court. 487 F.Supp. 651.

In determining that Davis was required under California law, then in effect, to have the assistance of counsel, the trial judge obviously considered and articulated those aspects of his inquiry that were relevant to the law that was then in effect. He had little reason to anticipate *Faretta* and even less reason to anticipate a claim that *Faretta* would be applied retroactively. On this record, we cannot tell whether the reasons he expressed were the totality of his reasons for refusing to allow Davis to proceed in propria persona.

The district judge's opinion, discussing his reasons for denying the writ, focused on the trial judge's thorough questioning of Davis in the light of the complexities of the case, reasons now discarded by *Faretta*. But his opinion also states:

"Davis' request for leave to proceed pro se in the context of similar requests by co-defendants Charles Manson and Susan Atkins could well have persuaded the trial judge to deny Davis such leave in an effort to avoid the strong probability of disruption."

In this circuit, before *Faretta*, the right to self-representation could be denied if a defendant engaged in, or there was reason to fear, obstructionist or unruly conduct. *United States v. Dujanovic*, 486 F.2d 182 (9th Cir. 1973). Nothing in *Bittaker v. Enomoto*, 587 F.2d 400 (9th Cir. 1978), says otherwise, and Justice Stewart's statement in *Faretta*, is of some importance:

"... the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." 422 U.S. at 834, fn. 46, 95 S.Ct. at 2541, fn. 46.

The brutality of these murders, the association of Davis with Manson and Atkins, and the widespread publicity about the purportedly bizarre activities of members of the "Manson family," may have been a concern to the trial judge. We simply have no way of knowing if this was so or if, perhaps, there had been conduct by Davis or by potential witnesses or spectators that might have affected the trial judge's view in denying the motion to proceed in propria persona. The trial judge is still serving actively on the California bench and we believe that we should afford the state the opportunity for a hearing as to the reasons that led him to deny Davis' motions to represent himself. Then probably state relief should be exhausted on the point of Ninth Circuit law, raised here for the first time. Given the state of the record, we believe it would be improper at this time to address the broader constitutional question of the retroactivity of *Faretta*.

Remanded to the district court with the suggestion that it vacate its order denying the writ. Full jurisdiction is back in the district court, and if the petitioner returns to this court, it would be on a new appeal.

**1.** The Eighth Circuit agrees with California on this issue. *Martin v. Wyrick*, 568 F.2d 583 (8th Cir. 1980), cert. den. 435 U.S. 975, 98 S.Ct. 1623, 56 L.Ed.2d 69. Contra: *Scott v. Wainwright*, 617 F.2d 99 (5th Cir. 1980), cert. den. 449 U.S. 885, 101 S.Ct. 240, 66 L.Ed.2d 111. As yet, this circuit has not fully explored the issue. See e. g. *Bittaker v. Enomoto*, 587 F.2d 400 (9th Cir. 1978).