**Stanley Carl RHINEHART,**
**Petitioner-Appellee,**

v.

**J. B. GUNN, Warden,**
**Respondent-Appellant.**

**No. 80–5330.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 1981.

Decided Nov. 16, 1981.

Rehearing and Rehearing En Banc
Denied Feb. 11, 1982.

Howard J. Schwab, Deputy Atty. Gen., Los Angeles, Cal., for respondent-appellant.

John F. M. Rodriguez, Altadena, Cal., for petitioner-appellee.

---

Before CHAMBERS and HUG, Circuit Judges, and HENDERSON,* District Judge.

CHAMBERS, Circuit Judge:

In 1970, Rhinehart was convicted in the California state court of two counts of murder in the first degree and sentenced to death. The California Supreme Court affirmed but, consistent with court policy at that time, reduced the sentence of death to a sentence of life imprisonment. *People v. Rhinehart*, 9 Cal.3d 139, 107 Cal.Rptr. 34, 507 P.2d 642 (1973). One of the issues raised on that appeal was Rhinehart's claim that he had improperly been denied the right to represent himself. The California Supreme Court held that there had been no abuse of discretion and rejected the claim of error.

Following the decision in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), Rhinehart renewed his attack by filing an application for a writ of habeas corpus, contending that his rights under *Faretta* had been denied. The California Supreme Court, which has consistently taken the view that *Faretta* is not to be applied retroactively[1], denied the writ without comment, and the United States Supreme Court denied certiorari. Some months later, Rhinehart moved his attack to the United States District Court with *Faretta*, and its possible retroactivity, dominating the discussion. The district judge did not address the *Faretta* issue. Instead, he found on the basis of the California Supreme Court opinion, that the motion by Rhinehart was really one for different counsel, i. e. private counsel rather than an attorney from the public defender's office. The California Supreme Court opinion does indeed suggest that this may possibly have been the fact. The transcript of the trial at more than one place indicates that Rhinehart was arguing for the appointment of private counsel as an alternative to self-representation.

On appeal, another panel of this court in *Rhinehart v. Gunn*, 598 F.2d 557 (9th Cir. 1979), remanded to permit the district judge to review the trial transcript to determine whether, as fact, Rhinehart's demand was "unequivocal" within the standard set by *Meeks v. Craven*, 482 F.2d 465 (9th Cir. 1973). On remand, he found that an "unequivocal" demand had been made and granted the writ, conditioned on the state's decision not to retry Rhinehart. His opinion also mentions a recent opinion, *Bittaker v. Enomoto*, 587 F.2d 400 (9th Cir. 1978), holding that the federal right to self-representation applicable to federal prisoners in this circuit even before *Faretta*, was equally applicable to state prisoners, citing *Arnold v. United States*, 414 F.2d 1056 (9th Cir. 1969); *Bayless v. United States*, 381 F.2d 67 (9th Cir. 1967).

The warden brought the instant appeal, still contending that state remedies had not been exhausted, that the demand by Rhinehart was not "unequivocal", and that reliance on *Bittaker* was improper. We have reviewed the trial transcript and are struck by the manner in which Rhinehart on several occasions couched his demand to represent himself in language which may not have been "unequivocal". More than once he expressed his wish that private counsel be appointed or, in the alternative, that he be allowed to represent himself. We are sufficiently in doubt on this question of fact that we deem it appropriate to afford the state judge (who is still actively serving) the opportunity for a hearing as to the reasons that led him to deny Rhinehart's motion to represent himself. See *Davis v. Morris*, 657 F.2d 1104 (9th Cir. 1981). In part, we are persuaded to take this course by the rationale of *Sumner v. Mata*, 449

---

* The Honorable Thelton E. Henderson, United States District Judge for the Northern District of California, sitting by designation.

1. California has held that *Faretta* is not applied retroactively. *People v. McDaniel*, 16 Cal.3d 156, 127 Cal.Rptr. 467, 545 P.2d 843 (1976), and

the Eighth Circuit is in accord: *Martin v. Wyrick*, 568 F.2d 583 (8th Cir. 1980), *cert. den.* 435 U.S. 975, 98 S.Ct. 1623, 56 L.Ed.2d 69. Contra: *Scott v. Wainwright*, 617 F.2d 99 (5th Cir. 1980), *cert. den.* 449 U.S. 885, 101 S.Ct. 240, 66 L.Ed.2d 111.

U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 1981), and its warnings as to the maintenance of due regard for findings of fact by state courts in habeas corpus cases, and the proper respect for the "smooth functioning of the federal system" (449 U.S. at 543, 101 S.Ct. at 767). The course we follow here will also permit Rhinehart to exhaust his state remedies as to the issues which he has not heretofore raised in the state court system, e. g. the effect, if any, of *Bittaker v. Enomoto*, supra.

Remanded to the district court for proceedings consistent with this opinion.

The motion for bail on appeal is denied.