**Gerald HALBERT, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–84–782.

Court of Criminal Appeals of Oklahoma.

March 25, 1987.

Lisbeth McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Deputy Chief, Criminal Div., Patricia A. Flanagan, Legal Intern, Oklahoma City, for appellee.

BUSSEY, Judge:

The appellant, Gerald Halbert, was convicted of the crime of Escape from a Penal

Institution in the District Court of Atoka County, in Case No. CRF–83–132 and was sentenced to six (6) years' imprisonment, and he appeals.

On June 30, 1983, appellant, an inmate at the McLeod Correctional Center, was placed in the Atoka County jail to await transfer to a higher security institution. Subsequently, on July 7, 1983, appellant escaped from the Atoka County jail. At trial, appellant admitted that he left the jail but stated that he was intoxicated at the time of the escape.

██ For his first assignment of error appellant asserts that he was denied his fundamental Sixth Amendment right to represent himself at trial. The United States Supreme Court has established that a defendant has an independent fundamental right guaranteed by the Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, to represent himself at all stages of criminal proceedings, if he elects to do so. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Coleman v. State,* 617 P.2d 243 (Okl.Cr.1980). However, the right to proceed pro se is not without restrictions:

> First, the trial court must determine whether the accused has made a sufficient demand to represent himself.... Next, the court is to determine whether the defendant has the capacity to decide intelligently and to understand what he is doing, i.e., whether he can make a valid waiver of his right to counsel.... Next, the trial court should determine that the defendant is making a waiver of his right in a voluntary, knowing, and intelligent manner.

*Coleman,* 617 P.2d at 245–46.

In the instant case, at the formal arraignment, appellant asked the trial court for a new lawyer and stated that he did not want to represent himself but wanted a lawyer who knew what he was doing. The trial court denied appellant's motion for a new lawyer. Subsequently, during pretrial proceedings appellant stated that he wanted to represent himself. However, the trial court found that appellant was not competent to represent himself and denied the motion. The trial court based its ruling upon appellant's attitude and manner in court and his lack of education. Appellant stated that he only completed the 6th grade and that he could not read. We have reviewed the record in the instant case and find that the trial court did not abuse its discretion in denying appellant's motion to proceed pro se. We find no error.

██ Appellant also contends that the trial court committed fundamental error by failing to instruct the jury that voluntary intoxication could negate the intent necessary to commit the offense and committed fundamental error by refusing to permit testimony crucial to this defense. We first observe that appellant did not object to the instructions given and failed to submit alternative instructions; therefore, this assignment is waived. *Maghe v. State,* 620 P.2d 433 (Okl.Cr.1980). We also find that the trial court properly refused to allow the jailer to testify concerning whether there was any alcohol in the jail at the time of the escape since appellant failed to establish the relevancy of the testimony. When the trial judge asked defense counsel if he had an offer of proof as to the relevancy, he stated that "if it had'nt been for the whiskey, there wouldn't have been an escape." This conclusory statement was wholly insufficient as an offer of proof. Accordingly, this assignment is meritless.

The judgment and sentence is AFFIRMED.