**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 22 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TERRY D. THOMPSON,

        Petitioner - Appellant,

v.

STATE OF OKLAHOMA; MIKE
MULLIN, * Warden; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

        Respondents - Appellees.

No. 02-5164
(D.C. No. 00-CV-472-C)
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT** **

---

Before **MURPHY** and **PORFILIO** , Circuit Judges, and **BRORBY** , Senior Circuit
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*      Mike Mullin replaced Gary Gibson as Warden of the Oklahoma State
Penitentiary effective March 25, 2002. Fed. R. App. P. 43(b)(2).

\*\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Terry D. Thompson appeals from the district court's denial of his habeas corpus petition, filed pursuant to 28 U.S.C. § 2254. He sought to raise four issues on appeal; we granted a certificate of appealability pursuant to the requirement of the Antiterrorism and Effective Death Penalty Act as to one. *See* 28 U.S.C. § 2253(c). On appeal, Mr. Thompson presents arguments on that issue: whether his waiver of his right to counsel before trial was voluntary, knowing, and intelligent. He renews his request for a certificate of appealability on the remaining issues. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

Mr. Thompson raised his waiver of counsel issue before the state court on direct appeal from his conviction. The Oklahoma Court of Criminal Appeals (OCCA) concluded that his waiver was voluntary, knowing, and intelligent, relying on two state cases, *Braun v. State*, 909 P.2d 783 (Okla. Crim. App. 1995), and *Coleman v. State*, 617 P.2d 243, 246 (Okla. Crim. App. 1980). The district court ruled that this conclusion did not meet the deferential standards of AEDPA and denied habeas relief on that claim. We agree, and affirm the district court's ruling on the issue.

Under AEDPA, we review the OCCA's decision to determine whether it was contrary to, or an unreasonable application of, federal law as set out by the Supreme Court. *See Upchurch v. Bruce*, 333 F.3d 1158, 1162 (10th Cir. 2003); 28 U.S.C. § 2254(d). Petitioner argues that the OCCA's decision was an unreasonable application of federal law. He further asserts that this court should consider its own precedent in making this determination under AEDPA because our cases "merely discuss[]" how Supreme Court authority on point should be interpreted. Aplt. Supp. Br. at 10 (quotation omitted). But a review of applicable Tenth Circuit authority demonstrates that these cases go beyond the general pronouncements of the Supreme Court, setting out specific requirements which must appear on the record before waiver of counsel will be considered valid.

We conclude that the OCCA's decision, as well as the cases on which it relies, *Braun* and *Coleman*, applies the standards for voluntary, knowing, and intelligent waiver of counsel set out by the Supreme Court in *Faretta v. California*, 422 U.S. 806 (1975) and *Von Moltke v. Gillies*, 332 U.S. 708 (1948). And, following our careful review of the state court record, we cannot say that the OCCA's application of that law was unreasonable under the facts of this case. *See Upchurch*, 333 F.3d at 1163 ("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

incorrectly. Rather, that application must also be unreasonable.") (quotation omitted).

We have reviewed the remaining issues raised before the district court, together with petitioner's complaint on appeal that the district court violated his double jeopardy rights by allowing the state to respond to his habeas petition after an earlier motion to dismiss was denied. We conclude that petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and deny his renewed request for a certificate of appealability on these points. Therefore, petitioner's "Motion to Hear Totality of Appellant's Opening Brief" is denied. Petitioner's "Motion to Recuse" is also denied as moot because the Tenth Circuit judges he seeks to recuse are not on this panel.

In sum, we AFFIRM the district court's denial of habeas relief on the waiver of counsel issue which was formerly granted a certificate of appealability. We DENY a certificate of appealability on the remaining issues petitioner would raise and DISMISS that part of the appeal. We DENY petitioner's pending motions.

Entered for the Court


Wade Brorby
Senior Circuit Judge

-4-