**Anthony Paul MAXWELL,**
**Petitioner-Appellee,**

v.

**G. W. SUMNER, Warden, San Quentin**
**Prison, Respondent-Appellant.**

**No. 81–5349.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 1981.

Decided Feb. 25, 1982.

As Amended on Denial of Rehearing and
Rehearing En Banc April 21, 1982.

---

Sandy R. Kreigler, Deputy Atty. Gen., Los Angeles, Cal., for respondent-appellant.

Joseph Shemaria, Beverly Hills, Cal., for petitioner-appellee.

Before ANDERSON and NORRIS, Circuit Judges, and MUECKE,* District Judge.

NORRIS, Circuit Judge:

This is an appeal by the Warden of San Quentin prison from an order of the district court granting appellee Anthony Paul Maxwell's petition for writ of habeas corpus.

In July, 1975, Maxwell was convicted in California of robbery and assault with a deadly weapon. Maxwell appealed his conviction to the California Court of Appeal, claiming, *inter alia*, that the trial court erred in denying his motion to proceed in propria persona. After the Court of Appeal affirmed his conviction, Maxwell unsuccessfully petitioned for a hearing in the California Supreme Court.

Maxwell then raised his self-representation claim in a petition to the California Supreme Court for a writ of habeas corpus. The petition was denied with a citation to *In re Waltreus*, 62 Cal.2d 218, 225, 397 P.2d 1001, 1005, 42 Cal.Rptr. 9, 13, *cert. denied*, 382 U.S. 853, 86 S.Ct. 103, 15 L.Ed.2d 92 (1965). The instant petition followed. After reviewing the record, the district court ruled that the state trial court erred in denying Maxwell's motion to proceed in propria persona. The district court found that Maxwell's request for self-representation was neither "outlandish" nor made for the purpose of delay, as the state trial court had concluded. Therefore, in light of *Faretta v. California*, 422 U.S. 806, 835–36, 95 S.Ct. 2525, 2541–42, 45 L.Ed.2d 562 (1975), which holds that the Sixth Amendment affords every criminal defendant the right "knowingly and intelligently" to forgo his right to counsel, the district court granted Maxwell's petition for writ of habeas corpus.

Appellant raises three issues on appeal. First, he argues that Maxwell waived his right to assert his self-representation claim in a federal habeas petition by failing to raise the issue on direct appeal to the Cali-

fornia Supreme Court. Second, appellant asserts that even if no waiver occurred, Maxwell had no right of self-representation at the time of his trial because *Faretta* was decided after Maxwell's conviction and is not retroactive. Finally, appellant contends that Maxwell's conduct at trial justified the state court's denial of his motion to proceed in propia persona.

I.

In his petition for a hearing in the California Supreme Court, Maxwell did not advance the trial court's denial of his propria persona motion as a reason for the Supreme Court to hear his case. Relying on *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), appellant contends that by this omission Maxwell waived his right to raise the self-representation issue in state (and therefore federal) habeas corpus.

Failure to comply with state procedural rules may bar federal habeas review of the underlying federal claim, absent a showing of "cause" for the failure and actual "prejudice" resulting from the alleged constitutional violation. *Wainwright v. Sykes, supra; Myers v. Washington*, 646 F.2d 355 (9th Cir. 1981). In *Sykes*, petitioner had failed at trial and apparently on direct appeal to challenge the admissibility of statements allegedly obtained in violation of his *Miranda* rights. 433 U.S. at 75 & n.3, 97 S.Ct. at 2500 & n.3. He apparently first challenged the use of the statements in an unsuccessful state habeas petition. *Id.* The Supreme Court held that petitioner's failure to comply at trial with the state's contemporaneous-objection rule constituted an "independent and adequate state ground" for the state court judgment, barring federal habeas review unless petitioner could show cause and prejudice. *Id.* at 86–87, 97 S.Ct. at 2506–07.

Circuit courts have applied the *Sykes* rule to procedural defaults at the appellate level.

* The Honorable C. A. Muecke, Chief United States District Judge for the District of Arizo-na, sitting by designation.

*Myers v. Washington, supra; Forman v. Smith*, 633 F.2d 634 (2nd Cir. 1980), *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981). In *Myers*, the Washington Supreme Court had rejected a state prisoner's habeas petition because the petitioner had failed to comply with a state rule requiring an issue to be raised on direct appeal before it could be raised as grounds for collateral attack. 646 F.2d at 357. We held that the procedural default was an independent and adequate state ground precluding federal habeas review of all but one issue, for which petitioner had shown cause and prejudice. *Id.*

. In both *Wainwright* and *Myers*, federal habeas review was barred because the state court's denial of petitioner's federal claim rested on a procedural default, not on the merits of the claim. For reasons of comity and respect for the function of procedural rules in our judicial system, courts view the failure to present a federal claim in accordance with certain state procedural rules to be an independent and adequate ground for a state court judgment. *See County Court v. Allen*, 442 U.S. 140, 154, 99 S.Ct. 2213, 2223, 60 L.Ed.2d 777 (1979); *Sykes*, 433 U.S. at 88–90, 97 S.Ct. at 2507–08. "But if neither the state legislature nor the state courts indicate that a federal constitutional claim is barred by some state procedural rule, a federal court implies no disrespect for the State by entertaining the claim." *County Court v. Allen*, 442 U.S. at 154, 99 S.Ct. at 2223.

 *Sykes* and *Myers* are inapplicable to this case because no independent and adequate state procedural ground exists; the state courts denied Maxwell's federal claim on the merits. Maxwell's state habeas petition was denied with a citation to *In re Waltreus, supra*, which involved a state habeas petition raising various claims of trial court error. The California Supreme Court denied the petition, stating that "[t]hese arguments were rejected on appeal, and habeas corpus ordinarily cannot serve as a second appeal." 62 Cal.2d at 225, 397 P.2d 1001, 42 Cal.Rptr. 9. *Waltreus* thus holds that arguments rejected on appeal will not be reviewed again in habeas; by citing *Waltreus* in its denial of Maxwell's habeas petition, the California Supreme Court stated by clear implication that Maxwell's self-representation claim had been considered and rejected on the merits on direct appeal.

 Appellant interprets *Waltreus* as holding that California habeas corpus relief is barred if the issue on which the prisoner seeks relief was not raised on direct appeal to the California Supreme Court. We believe appellant misreads *Waltreus*. Appellant's interpretation—that a state prisoner waives his right to habeas review if he does not raise the habeas issue on direct appeal to the California Supreme Court—assumes that California has a rule similar to the rule relied on by the Washington Supreme Court in *Myers*. We find no such rule.[1] More importantly, if such a rule does exist, the California Supreme Court did not invoke it in denying Maxwell's habeas petition; rather, the court indicated, by citing *Waltreus*, that petitioner's claim had ᒒ .en rejected on

---

1. Moreover, we believe that Maxwell effectively raised his self-representation claim to the California Supreme Court. The purpose of a petition for a hearing in the California Supreme Court is to convince that court to exercise its discretion to hear the case. *See* Cal.Civ. & Crim.Court Rules, App. Rules 28(a), 29 (West 1981). Yet if a claim has been briefed and argued before the court of appeal, failure to assert it in the petition to the California Supreme Court does not normally waive the claim. *Menchaca v. Helms Bakeries, Inc.*, 68 Cal.2d 535, 541 n.1, 439 P.2d 903, 907 n.1, 67 Cal.Rptr. 775, 779 n.1 (1968). Every petition for a hearing in the California Supreme Court must contain a copy of the court of appeal's opinion. Cal.Civ. & Crim.Court Rules, App. Rule 28(d)(2) (West 1981). More importantly, when the California Supreme Court grants a hearing, its order effectively vacates the order of the court of appeal; the California Supreme Court then decides each issue in the case as if it were on original appeal from the trial court, "regardless of the grounds relied on in the petition." *Menchaca*, 68 Cal.2d at 541 n.1, 439 P.2d at 907 n.1, 67 Cal.Rptr. at 779 n.1 (1968); *see also Chavez v. Sargent*, 52 Cal.2d 162, 188 n.10, 339 P.2d 801, 817 n.10 (1959). Thus, we believe that Maxwell's petition to the California Supreme Court effectively presented his self-representation claim for review in that court.

its merits by the California Court of Appeal. We thus find no independent and adequate state procedural ground for denying Maxwell's self-representation claim,[2] and we hold that Maxwell is not barred from seeking federal habeas relief.[3]

## II.

The State next contends that *Faretta* does not apply retroactively and that Maxwell therefore had no right of self-representation at the time of his trial.

■ In *Faretta*, the Court held that an accused has a Sixth Amendment right to choose "knowingly and intelligently" to represent himself at trial. Under pre-*Faretta* Ninth Circuit law, a state defendant already had a constitutional right of self-representation equivalent to the right recognized in *Faretta*. *Bittaker v. Enomoto*, 587 F.2d 400, 401–402 (9th Cir. 1978), *cert. denied*, 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979). Thus, Maxwell had a right to proceed in propria persona, even though his trial occurred before *Faretta* was decided.

## III.

Finally, appellant contends that the state trial court's denial of Maxwell's request to proceed in propria persona was justified by Maxwell's disruptive behavior during trial, by the lateness of Maxwell's motion, and by Maxwell's intent to use the motion for the purpose of delay.

■ The district court in a habeas corpus proceeding must presume that the state trial court's factual determinations are correct, 28 U.S.C. § 2254(d), unless a "determination is not fairly supported by the record." 28 U.S.C. § 2254(d)(8). To withstand appellate scrutiny, the federal habeas court must state its reasons for concluding that the state finding was "not fairly supported by the record." *Sumner v. Mata*, 449 U.S. 539, 551, 101 S.Ct. 764, 771, 66 L.Ed.2d 722 (1981). In this case, the district court reviewed the state trial court transcript and concluded that nothing in the record supported the state trial court's determination that Maxwell's behavior caused him to forfeit his right of self-representation:[4]

There are no specific instances of conduct alluded to in the record that might be considered outlandish. There is no indication in the record as to what actions the state court based its characterization of petitioner's behavior. Respondent neglects to refer to any specific instances of conduct in the record that would support the state court's characterization of petitioner's behavior. Additionally, there is simply no evidence in the record to support the conclusion that the *pro se* request was untimely or would have resulted in undue delay. Petitioner's *pro se* request was well taken and not conditioned upon the granting of a continuance. The record is contraposed to the state court's finding.

*Maxwell v. Sumner*, No. CV 78–820–RMT, slip op. at 6–7 (C.D.Cal. April 29, 1981).

2. Nor do we find that petitioner failed to exhaust his state remedies. By raising the constitutional issue before the state trial court, then the court of appeal, and finally by petitioning the state supreme court, first for a hearing and then for a writ of habeas corpus, petitioner has clearly given the state of California an initial "opportunity to pass upon and correct" the alleged violation of his federal rights. *Fay v. Noia*, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963); *see Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). More importantly, California has no procedure available under which petitioner could have raised the self-representation claim again, *see In re Waltreus*, *supra*, and federal habeas review is thus proper. 28 U.S.C. § 2254(c).

3. The district court held that *Sykes* applied to Maxwell's habeas petition, but that there was sufficient "cause" and "prejudice" to overcome the independent and adequate state ground otherwise barring federal habeas relief. Since we hold that *Sykes* is inapplicable to the instant case, we do not reach the issue of "cause" and "prejudice."

4. Relying on *Rhinehart v. Gunn*, 661 F.2d 738 (9th Cir. 1981), and *Davis v. Morris*, 657 F.2d 1104 (9th Cir. 1981), the State argues that we should remand to give the state trial court an opportunity to state its reasons for denying Maxwell's motion for self-representation. It would be an empty exercise to remand in this case, as the state court's reasons for denying Maxwell's petition are clear on the face of the record.

---

 The findings that Maxwell engaged in no outlandish behavior and that his motion was not made for the purpose of delay are based on "the fact-finding tribunal's experience with the mainsprings of human conduct," *see Commissioner v. Duberstein,* 363 U.S. 278, 289, 80 S.Ct. 1190, 1198, 4 L.Ed.2d 1218 (1960), and on its experience in conducting trials and observing defendants' behavior. We therefore review the district court's determinations as findings of fact, which, although based solely on documentary evidence, will be set aside only if clearly erroneous. *Lundgren v. Freeman,* 307 F.2d 104, 113–15 (9th Cir. 1962).[5]

 We hold that the district court's factual findings were not clearly erroneous. We agree with the district court that there is no basis in the record for the state trial court's description of Maxwell's behavior as "outlandish." Additionally, because Maxwell's request to represent himself at trial was made prior to jury selection and the district court found that it was not made for the purpose of delay, we hold that it was timely as a matter of law. *Chapman v. United States,* 553 F.2d 886 (5th Cir. 1977). *See United States v. Price,* 474 F.2d 1223, 1226–27 (9th Cir. 1973).

For the foregoing reasons, the judgment of the district judge is AFFIRMED.

---

5. Fed.R.Civ.P. 52(a) states in pertinent part: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

In some circuits, when a district court's findings of fact are derived from purely documentary evidence or from stipulated facts, the findings are not accorded the deference of a "clearly erroneous" standard of review, because no question of credibility is involved. *See Merchants National Bank & Trust Co. v. United States,* 246 F.2d 410 (7th Cir.), *cert. denied,* 355 U.S. 881, 78 S.Ct. 148, 2 L.Ed.2d 112 (1957);

*Orvis v. Higgins,* 180 F.2d 537, 539 (2d Cir.), *cert. denied,* 340 U.S. 810, 71 S.Ct. 37, 95 L.Ed. 595 (1950).

The view of this circuit, however, which is based on the history and purposes of Rule 52(a), is to the contrary. *See Lundgren v. Freeman,* 307 F.2d at 114. Moreover, deference to the judgment of the district court is warranted in this case, because the trial judge, with his special expertise in conducting trials, is in a better position to judge whether a defendant's behavior was outrageous or his motion for self-representation was made with the intent to delay the trial.