Kenneth Vincent NICHOLAS,
Petitioner,

v.

SUPERIOR COURT OF the STATE OF CALIFORNIA FOR the COUNTY OF MARIN; Charles P. Prandi, Marin County Sheriff; Daniel J. McCarthy, Director of the California Department of Corrections; John K. Van de Kamp, Attorney General of the State of California, Respondents.

No. C–85–1696 EFL.

United States District Court,
N.D. California.

June 10, 1985.

---

10. Plaintiff's reply brief at pp. 8–9.

11. *See id.* at exhibit B.

Diana Samuelson, Serra, Perelson & Metcalf, San Francisco, Cal., for petitioner.

Clifford K. Thompson, Jr., Deputy Atty. Gen., San Francisco, Cal., for respondents.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

LYNCH, District Judge.

Petitioner Kenneth Vincent Nicholas seeks a federal writ of habeas corpus on the sole ground that the judicially-created defense of entrapment under California state law violates the Due Process Clause of the Fourteenth Amendment. For the reasons discussed below, the petition is denied.

### I. Background

On January 14, 1982, petitioner and his co-defendant, Gene Michael Kelly, were found guilty by a jury in Marin County Superior Court of two counts of selling cocaine (Cal.Health & Safety Code § 11352). Petitioner was sentenced to three years in state prison on each count, to be served concurrently. Petitioner and co-defendant jointly appealed their convictions, challenging, among other things, the jury instructions given by the trial court on their entrapment defense. Petitioner was granted bail pending his appeal. On July 16, 1984, the Court of Appeal affirmed the convictions. In a published opinion, the appellate court reviewed all of the appellants' claims, including their argument that the prosecution was required to prove absence of entrapment beyond a reasonable doubt. *People v. Kelley*, 158 Cal.App.3d 1085, 205 Cal.Rptr. 283 (1984). Petitioner applied for a hearing in the California Supreme Court, which denied review on October 4, 1984. In his application to the California Supreme Court, the petitioner did not renew his contention that the prosecution must bear the burden of proof on the issue of entrapment.

On November 16, 1984, the trial court granted petitioner's request for a stay of execution of his sentence, continuing his release· on bail until March 4, 1985. On February 21, 1985, petitioner filed this petition and an application for continuation of release on bail. Since the petition raised a constitutional issue of first impression in the federal courts, the Court granted the petitioner a continuation of his release on bail pending its review of the petition and immediately issued an order to show cause.

### II. Procedural Default

■ Before discussing the merits of petitioner's claim, the Court must first address the respondents' argument that the Court has no jurisdiction to hear the claim because of a procedural default at the state level. The respondents contend that the petitioner waived his right to seek federal habeas review of the claim presented here because of his failure to assert this claim in his petition to the California Supreme Court. *See Jackson v. Cupp*, 693 F.2d 867, 869 (9th Cir.1982). The Ninth Circuit has indicated, however, that where, as here, the claim presented in the habeas petition "has been briefed and argued before the Court of Appeal, failure to assert it in the petition to the California Supreme Court does not normally waive the claim." *Maxwell v. Sumner*, 673 F.2d 1031, 1034 n. 1 (9th Cir.1982) (dicta). The court in *Maxwell* noted that all of the issues raised on direct appeal in a criminal case may not, as a matter of strategy, be included in the petition to the California Supreme Court since the purpose of the petition is merely to persuade that court to hear the case. Once the California Supreme Court grants a hearing, it may consider any issue in the record worthy of its attention. While this

interpretation of California appellate procedure is subject to change,[1] the Court is satisfied that the petitioner here exhausted his state remedies without procedural default, thus permitting habeas corpus review.

## III. Due Process

The requirement that the prosecution establish beyond a reasonable doubt every element necessary to constitute the crime with which the defendant has been charged is a fundamental principle of due process. An important issue which has not been definitively resolved by the Supreme Court is the extent to which states may alter the burden of persuasion as to some matters of defense. *See Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Although there are constitutional limits on the power of the states to reallocate burdens of proof by casting certain elements of a crime in the guise of "defenses" to the charge, the Supreme Court explicitly declined to hold in *Patterson* "that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of the accused." 432 U.S. at 210, 97 S.Ct. at 2327.

■ While the *Patterson, Mullaney,* and *Winship* line of cases leaves open some uncertainty as to the type of exculpatory facts which the defendant may not be burdened with proving, this case does not come close to presenting a situation in which the state forced the defendant to prove an essential element of his offense. California's entrapment defense is based on an objective test, which unlike the defense of entrapment in federal court, *see United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), focuses on the conduct of the law enforcement officers involved in the case rather than on the intent of the person accused of the crime. *People v. Barraza,* 23 Cal.3d 675, 153 Cal. Rptr. 459, 591 P.2d 947 (1979). The test of entrapment in California is whether "the conduct of the law enforcement agent [was] likely to induce a normally law abiding person to commit the offense." *Id.* at 689–90, 153 Cal.Rptr. 459, 591 P.2d 947. Under this formulation of the meaning of entrapment, the individual characteristics of the defendant or his predisposition to commit the offense are irrelevant. *Id.* at 688, 153 Cal.Rptr. 459, 591 P.2d 947. As stated by the California Supreme Court in *In re Foss,* 10 Cal.3d 910, 112 Cal.Rptr. 649, 519 P.2d 1073 (1974), "[t]he successful assertion of the defense does not establish that the defendant lacked the requisite criminal intent and was thus innocent of a criminal offense, but merely that he should not be punished for the crime he in fact committed because of improper police conduct." *Id.* at 932, 112 Cal.Rptr. 649, 519 P.2d 1073. Since the prosecution must still prove every element of the offense, including intent, beyond a reasonable doubt, the Court has no difficulty concluding that it is within California's constitutional powers to place the burden of persuasion as to this issue on the defendant.

ACCORDINGLY, IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus be and hereby is denied. Petitioner's release on the present conditions of bail is continued until June 24, 1985, so that the petitioner may apply to the Ninth Circuit for bail pending appeal.

---

**1.** Defendant urges the Court to consider *Maxwell* in light of voter approval of Proposition 32, which amended article VI, section 12 of the California Constitution to authorize the Supreme Court to review all or part of a decision of the Court of Appeal. This Court need not consider the impact of this new amendment in the present case since the amendment is not yet in effect and had no bearing on the California Supreme Court's consideration of Nicholas' petition.