977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jessie GOMEZ, Petitioner-Appellant,
v.
Bill J. BUNNELL, Respondent-Appellee.
 No. 91-16502.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Oct. 15, 1992.
 
 Before FERGUSON, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gomez is a state prisoner proceeding pro se. While serving a life sentence for murder, he was convicted in Marin County Superior Court for assault with a deadly weapon for stabbing another prisoner. For the assault, Gomez was sentenced to four years imprisonment to run consecutively with his life sentence.
 
 
 3
 Gomez appealed his conviction and sentence to the California Court of Appeal, which affirmed. Gomez then sought a writ of habeas corpus from the California Supreme Court. In his petition, he asserted the same alleged errors by the trial court that he had raised in the Court of Appeal, as well as alleged errors by the Court of Appeal. The California Supreme Court denied his petition.
 
 
 4
 Gomez then filed a petition for writ of habeas corpus with the federal district court. That court denied his petition for writ of habeas corpus.[1] We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.
 
 
 5
 * After his conviction and sentence were affirmed on appeal, Gomez has not raised the issues presented in this habeas petition on direct appeal to the California Supreme Court, but has raised them in a petition for writ of habeas corpus to that court.
 
 
 6
 California law requires that a direct appeal to the California Supreme Court be filed within ten days of the court of appeal's decision. Cal.Rule of Court 28(b) (West Rev.Ed.1991). The state argues, therefore, that the California Supreme Court rejected Gomez's habeas petition on procedural grounds. However, the state court must make a clear and express statement that its judgment rests on a procedural basis for a procedural default to bar federal habeas relief. Harris v. Reed, 489 U.S. 255, 263 (1989).
 
 
 7
 Here, the California Supreme Court rejected Gomez's petition, citing In re Waltreus, 62 Cal.2d 218, 225 (1965), and In re Swain, 34 Cal.2d 300, 304 (1949). The state contends that those citations show that the Supreme Court's decision was based on a procedural default. However, in Maxwell v. Sumner, 673 F.2d 1031, 1034 (9th Cir.), cert. denied, 459 U.S. 976 (1982), this court observed that California does not have a state rule that requires that an issue be raised on direct appeal before it can be raised as grounds for habeas relief. We interpreted the holding in Waltreus to be "that arguments rejected on appeal will not be reviewed again in habeas." Id. at 1034. The California Supreme Court's cite to Waltreus, therefore, was an indication that the petitioner's claims "had been considered and rejected on the merits on direct appeal" and thus would not be heard again in habeas. Id. Accordingly, we conclude that the California Supreme Court's decision to deny review was not based on procedural grounds.
 
 
 8
 The state has not pointed to anything that undermines the authority of Maxwell.[2] Therefore, we will not disturb the district court's conclusion that no state procedural bar was relied on in this case by the California Supreme Court.
 
 II
 
 9
 Gomez claims that the trial court unconstitutionally enhanced his sentence based on a false maximum parole date listed in his presentence report and by finding that he was a gang member.
 
 
 10
 The trial court may conduct a virtually unlimited inquiry when imposing sentence. United States v. Williams, 782 F.2d 1462, 1466 (9th Cir.1986). However, a sentence imposed by a state court may violate due process if it is enhanced based on materially false or unreliable information. Walker v. Endell, 828 F.2d 1378, 1384 (9th Cir.1987), cert. denied, 488 U.S. 926 (1988).
 
 
 11
 The petitioner must show that the disputed information is false and unreliable. United States v. Columbus, 881 F.2d 785, 787 (9th Cir.1989). Information is unreliable if it "lacks some minimal indicia of reliability beyond mere allegation." United States v. Ibarra, 737 F.2d 825, 827 (9th Cir.1984) (quotation omitted). Moreover, the petitioner must show that the false or unreliable information was demonstrably made the basis for the sentence. Columbus, 785 F.2d at 787.
 
 
 12
 Gomez first complains that the probation report falsely lists a maximum eligibility date for parole as April 10, 1987. In fact, he was serving a life sentence at the time. However, Gomez has failed to show that the incorrect parole date was relied on by the trial court when calculating his sentence. Therefore, the district court's conclusion was proper.
 
 
 13
 Gomez also claims that the trial court relied on unreliable information in his probation report concerning a gang affiliation. Statements by the trial judge indicate that he believed that Gomez was probably a member of the Nuestra Familia. The trial judge based his conclusion on both Gomez's probation report and the details of the assault. The probation report included the statement of a named Nuestra Familia member, an eyewitness to the murder, who testified that Gomez had been sent to kill the member of a rival gang. Cr. United States v. Weston, 448 F.2d 626, 630 (9th Cir.1971) (sentenced based "on unsworn evidence detailing otherwise unverified statements by a faceless informer that [the defendant] is probably guilty of additional and far more serious crimes"). We are persuaded that there was sufficient evidence for the trial court to accept the uncontradicted contention that Gomez was a member of the Nuestra Familia.
 
 
 14
 Moreover, even if Gomez had met his burden of showing that the Nuestra Familia information was false or unreliable, he has not shown that the information was demonstrably made the basis for the sentence. See Columbus, 881 F.2d at 787. Gomez's probation report and worksheet indicate that the aggravated term for assault was based on his pattern of violent conduct, his prior convictions as an adult, and his prior unsatisfactory performance on probation, rather than an enhancement for gang affiliation.
 
 III
 
 15
 Gomez next claims that he was denied a speedy trial as guaranteed by the Sixth Amendment.
 
 
 16
 In order to determine whether Gomez's right to a speedy trial was violated, we apply a "functional analysis" test weighing four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the speedy trial rights; and (4) the prejudice to the defendant. See Barker v. Wingo, 407 U.S. 514, 522 (1972). The primary consideration is whether the delay was so long as to be "presumptively prejudicial."[3] See Barker, 407 U.S. at 530. In this case, Gomez has failed to show that the delay was significant or that he suffered any prejudice.
 
 
 17
 Length of delay is the "triggering mechanism" in the inquiry. Id. Delay is measured from the time of the indictment to the time the trial commences. See United States v. Valentine, 783 F.2d 1413, 1417 (9th Cir.1986). The district court found, and Gomez does not contest, that only forty-nine days passed from the filing of the information to the commencement of trial. Such a period is not significant. Cf. Valentine, 783 F.2d at 1417 (six month delay is borderline).
 
 
 18
 In addition, the fourth factor in the Barker analysis weighs heavily against Gomez. Because he was serving a life sentence, the district court concluded that Gomez had not suffered any oppressive pre-trial incarceration. See Williams, 782 F.2d at 1466. Moreover, Gomez gives no indication that the delay affected his defense. Id. The lack of prejudice to his defense is underscored by the fact that he presented no defense and the evidence against him was so overwhelming.
 
 
 19
 Gomez now argues that he lost the opportunity to go to the mainline during that time, decreasing his chances of getting a parole date, or job or educational training. Gomez demonstrates no actual prejudice. The mere possibility of prejudice is insufficient. See United States v. Sears, Roebuck and Co., Inc., 877 F.2d 734, 740 (9th Cir.1989). Accordingly, the district court's conclusion that Gomez's Sixth Amendment right to a speedy trial was not violated was proper.
 
 IV
 
 20
 Gomez also complains about the delay between his arrest and his indictment.
 
 
 21
 Although pre-indictment delay does not implicate the Sixth Amendment, oppressive delay may implicate the right to due process. United States v. Lovasco, 431 U.S. 783, 788-89 (1977). However, to demonstrate a due process violation Gomez must show that he suffered "actual prejudice." Id. at 789. If he demonstrates actual prejudice, we must then weigh the length of the delay with the reasons for the delay, and find that the delay violated "fundamental conceptions of justice." United States v. Moran, 759 F.2d 777, 782 (9th Cir.1985), cert. denied, 474 U.S. 1102 (1986).
 
 
 22
 The assault occurred on April 10, 1985. A complaint was filed on August 20, 1985. During that delay Gomez was serving a life sentence for murder. Again, the only allegation of prejudice that he makes is that he lost the opportunity to go to the mainline. Such speculative loss fails to meet Gomez's "heavy burden" of showing actual prejudice. Id. Gomez simply cannot demonstrate that the four month delay before indictment violated fundamental conceptions of justice. Accordingly, the district court correctly held that his right to due process had not been violated by the delay.
 
 V
 
 23
 Finally, Gomez argues, apparently for the first time, that the district court should have appointed counsel to represent him. However, we do not consider claims the petitioner failed to raise in his habeas petition to the district court. United States v. Smith, 924 F.2d 889, 893 (9th Cir.1991). Moreover, Gomez's claim is clearly without merit. See Coleman v. Thompson, 111 S.Ct. 2546 (1992) (no right to counsel for habeas petition).
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 By order dated April 24, 1991, the district court denied as premature Gomez's motion for a default judgment. Gomez filed a request for default judgment on April 1, 1991 because the state had failed to answer his complaint by March 11, 1991 as originally ordered by the district court. However, by order dated March 14, 1991, the district court extended that deadline until April 11, 1991
 
 
 [2]
 Maxwell also held that when a claim has been briefed and argued before the California Court of Appeal, failure to assert it in the petition to the California Supreme Court does not normally waive it. Maxwell, 673 F.2d at 1034 n. 1. California has abrogated that conclusion by court rule. See Cal.Rule of Court 28(e)(2); McGuire v. Estelle, 902 F.2d 749, 753 n. 1 (9th Cir.1990), rev'd on other grounds, 112 S.Ct. 475 (1991). In this case, however, the state does not contend that Gomez's habeas petition to the Supreme Court did not raise the same claims as he raised in the Court of Appeal
 
 
 [3]
 A petitioner need not show actual prejudice when the delay is great and attributable to the government. See Doggett v. United States, 112 S.Ct. 2686, 2694 (1992). The delay at issue here is not so great as to excuse Gomez from the need to show prejudice