993 F.2d 884
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marcus K. RANSOM, Plaintiff-Appellant,
v.
Dr. OSTEN; Supervisor Jackson, Defendants-Appellees.
 No. 91-35260.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 21, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marcus Keith Ransom, a Washington state prisoner, appeals pro se the district court's award of $1.00 in nominal damages in his 42 U.S.C. § 1983 action in which Ransom alleged that the defendants, employees of Spokane County, had been deliberately indifferent to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Background
 
 
 4
 Ransom under went a total hip replacement in November 1988. In January 1989, Ransom was transferred to the Spokane County Jail and remained there until March 1990. During this period, Ransom alleges that the defendants failed to provide him with adequate post-operative care, including physical therapy and consultation with a orthopedic specialist, thereby worsening his hip condition.
 
 
 5
 Ransom filed a section 1983 action and was eventually granted a default judgment against the defendants on the issue of liability. The district court ordered Ransom and the defendants to submit evidence on the issue of damages. Both parties complied with the order and submitted affidavits and medical reports. The district court also held a hearing on the issue of damages which Ransom declined to attend because he was unwilling to travel. Ransom sought to participate by telephone, but the district court denied his motion.
 
 
 6
 After the hearing, the district court found that Ransom had failed to produce evidence that he had suffered a "compensable injury" as a result of the defendants' acts or omissions and denied his claim for compensatory damages. The district court also found that Ransom had failed to produce evidence warranting imposition of punitive damages against the defendants.
 
 II
 Analysis
 
 7
 Ransom contends that the district court erred (1) by failing to consider evidence he submitted to the court in support of his claim for damages and (2) by refusing to allow Ransom to participate in the damages hearing by telephone.
 
 A. Standard of Review
 
 8
 "We review the district court's computation of damages for clear error." See Merrit v. Mackey, 932 F.2d 1317, 1323 (9th Cir.1991); Maxwell v. Sumner, 673 F.2d 1031, 1036 (9th Cir.1982). The district court's denial of Ransom's motion to participate in the damages hearing by telephone is reviewed for an abuse of discretion. See generally Murphy v. City of Long Beach, 914 F.2d 183, 186-7 (9th Cir.1990) ("trial judge is ultimately responsible for the conduct of litigation").
 
 
 9
 B. Denial of Compensatory and Punitive Damages
 
 
 10
 To prevail and recover damages on his section 1983 claim under a deliberate indifference theory, Ransom must prove that the defendants' actions were the actual and proximate cause of his injuries. See White v. Roper, 901 F.2d 1501, 1505-06 (9th Cir.1990). The defendants' conduct is the actual cause of the "injury only if the injury would not have occurred 'but for' that conduct." See id. at 1505 (citing W. Prosser & W. Keeton, The Law of Torts § 41, at 266 (5th ed. 1984)). Punitive damages are appropriate if the defendant's conduct is reckless or motivated by evil intent. See Kennedy v. Los Angeles Police Dep't, 901 F.2d 702, 707 (9th Cir.1989). Substantial damages, however, "should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights." Carey v. Piphus, 435 U.S. 247, 266 (1977).
 
 
 11
 Given the evidence presented by both parties, the district court was not clearly erroneous in its conclusion that Ransom had not suffered an actual injury attributable to the defendants' conduct. See White, 901 F.2d 1501, 1505-06; Merrit, 932 F.2d at 1323. Accordingly, the district court did not err by limiting Ransom to nominal damages. See Carey, 435 U.S. at 266; George v. City of Long Beach, 973 F.2d 706, 708-09 (9th Cir.1992).
 
 C. Denial of Telephone Hearing
 
 12
 Ransom was given an opportunity to attend and participate in the damages hearing as well as an opportunity to submit evidence in support of his damages claim. Moreover, because no witnesses were presented, Ransom was not denied an opportunity to cross-examine any witnesses. Given these circumstances, the district court did not abuse its discretion by denying Ransom's motion to participate in the damages hearing by telephone. See Murphy, 914 F.2d at 187.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3