In re **MEI DIVERSIFIED INC., MEI Salon Corp., Essanelle Salon Co., the Glemby Company, Inc., Maxim's Beauty Salons (NY), Inc., Glemby International Washington, Inc., Glemby International Missouri, Inc., and Salon Service, Inc., Debtors.**

**McDERMOTT, WILL & EMERY, Plaintiff,**

v.

James **POTTER, as Trust Administrator, Defendant.**

**Bankruptcy Nos. BKY 4–93–3170, BKY 4–93–3178.**
**No. CIV 3–95–60.**

United States District Court,
D. Minnesota,
Third Division.

May 17, 1995.

Order Clarifying Decision June 1, 1995.

Jerome B. Meites, McDermott Will & Emery, Chicago, IL, for plaintiff.

Michael Brian Fisco and Mark Goihl Rabogliatti, Oppenheimer Wolff & Donnelly, Minneapolis, MN, for defendant.

### ORDER

ALSOP, Senior District Judge.

This matter comes before the Court upon Plaintiff's appeal from the December 16, 1994 order of United States Bankruptcy Judge Robert J. Kressel. In its Order, the Bankruptcy Court denied the Plaintiff's request for compensation and reimbursement of expenses incurred in preparing its Second Interim and Final Fee Applications. The Plaintiff, McDermott, Will & Emery ("MW & E"), claims the Bankruptcy Court erred in failing to authorize reimbursement to MW & E for its fees and expenses, and abused its discretion by denying MW & E's request for a telephonic hearing. For the reasons discussed below, the decision of the Bankruptcy Court is reversed in part, affirmed in part, and MW & E's claim is remanded to the Bankruptcy Court for further consideration.

### I. BACKGROUND

In February of 1993, the Debtors in this action commenced their Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware. On February 23, 1993, the Delaware Bankruptcy Court entered an order allowing the administrative consolidation of the Debtors' cases. In May of 1993, the Delaware

1. *See* 11 U.S.C. § 331.

Bankruptcy Court entered an order transferring venue over the Debtors' bankruptcy proceedings to the District of Minnesota.

On April 26, 1993, the Debtors retained MW & E to handle two pieces of litigation involving the Debtors pending in Chicago. On August 12, 1993, the Debtors filed their "Application of Debtors and Debtors–in–Possession for Authority to Retain McDermott, Will & Emery as Special Counsel." On October 29, 1993, the Bankruptcy Court authorized the employment of MW & E as special counsel to the Debtors *nunc pro tunc* to April 26, 1993. The Bankruptcy Court provided that MW & E was not to incur more than $100,000 in fees as a result of its representation of the Debtors in the two cases during the period August 1, 1993 to December 31, 1993.

On September 8, 1993, the Bankruptcy Court entered an Order shortening the statutory time period of 120 days for filing interim fee petitions.[1] Under the Bankruptcy Court's Order, professionals were permitted to file interim fee petitions every 60 days in the Debtors' bankruptcy cases. MW & E filed its first fee petition on November 16, 1993. This petition covered the period April 26, 1993 through October 31, 1993. In its first fee petition MW & E sought compensation for services performed in the amount of $9,638.00 and reimbursement of expenses in the amount of $249.99. On December 13, 1993, the Bankruptcy Court entered an order granting MW & E's first fee petition in all respects.

On December 23, 1993, the Debtors filed a renewed application seeking to continue to employ MW & E as their special counsel. On January 21, 1994, the Bankruptcy Court entered an order authorizing the Debtors' continued retention of MW & E for the period from January 1, 1994 through June 30, 1994.

On September 19, 1994, MW & E filed its Second Interim Fee Petition. The second petition covered the time period from November 1, 1993 to June 30, 1994. In the Second Interim Fee Petition, MW & E

sought fees of $16,160.50 and reimbursement of expenses in the amount of $3,703.55. On October 12, 1994, the Bankruptcy Court entered an Order allowing MW & E's Second Interim Fee Petition in all respects.

On October 27, 1994, MW & E filed its Final Fee Petition. In its Final Fee Petition, MW & E sought allowance of all interim compensation the Bankruptcy Court had previously granted in the first and Second Interim Fee Petitions. In addition, MW & E sought new fees of $1,993.50 as compensation for the time it had expended in preparing the Second Interim Fee Petition and the Final Fee Petition, and expenses of $453.19.

On November 30, 1994, the Trust Administrator filed an Objection to MW & E's Final Fee Petition. The Trust Administrator argued MW & E should not receive any compensation for preparing either the Second Interim Fee Petition or the Final Fee Petition because MW & E's substantive employment had expired on June 30, 1994 and the fee petitions were prepared after that date. In addition, the Trust Administrator argued the 16.8 hours of paralegal and attorney time involved in preparing the Second Interim Fee Petition and the 2.5 hours of paralegal and attorney time involved in preparing the Final Fee Petition were "excessive."

On December 5, 1994, MW & E filed its response to the Trust Administrator's objection. MW & E claimed it was required by sections 327 and 330 of the Bankruptcy Code to file a Final Fee Petition and argued legal precedent allows the award of fees and costs incurred while preparing fee applications, even if substantive employment has ended. MW & E also asserted its fees were not excessive, and claimed it had taken steps to save the Debtors' estates substantial sums. Finally, MW & E requested that the Bankruptcy Court permit it to appear telephonically at the hearing regarding the Trust Administrator's objections.

On December 14, 1994, the Bankruptcy Court held its hearing on the Trust Administrator's Objections to MW & E's Final Fee Petition. The Bankruptcy Court did not allow MW & E to appear telephonically. The Bankruptcy Court held MW & E was not required to "get final allowance of fees that have already been allowed." In addition, the Bankruptcy Court found MW & E's preparation of its Second Interim Fee Petition and its Final Fee Petition were a "waste of time." Finally, the Bankruptcy Court noted MW & E was not approved for employment by the Bankruptcy Court during the time it had prepared its Second and Final Fee Petitions, and therefore, could not be compensated for work after the June 30, 1994 deadline.

On December 15, 1994, the Bankruptcy Court entered an order disallowing MW & E's Final Fee Petition. On December 23, 1994, MW & E instituted this appeal by filing its Notice of Appeal with the Clerk of the Bankruptcy Court.

## II. STANDARD OF REVIEW

A District Court reviews a Bankruptcy Court's findings of fact under an abuse of discretion standard. *See In re McCombs*, 751 F.2d 286, 287 (8th Cir.1984); *In re Benassi*, 72 B.R. 44, 46 (D.Minn.1987). Questions of law, however, are reviewed by this Court *de novo*. *See In re Mathiason*, 16 F.3d 234, 235 (8th Cir.1994); *In re Lee*, 162 B.R. 217, 219 (D.Minn.1993). No presumption of correctness attaches to the bankruptcy court's conclusions of law. Such conclusions are subject to independent determination by the reviewing court. *See Clay v. Traders Bank of Kansas City*, 708 F.2d 1347, 1350 (8th Cir.1983); *Finstrom v. Huisinga*, 101 B.R. 997, 998 (D.Minn.1989).

## III. DISCUSSION

MW & E raises two main points on appeal. First, did the Bankruptcy Court act in an arbitrary and capricious manner by refusing to allow MW & E to participate by telephone during the hearing regarding its Final Fee Petition. Second, did the Bankruptcy Court err by refusing to award MW & E compensation for time incurred in preparing its Second Interim and Final Fee Petitions.

### A. Telephonic Hearing

Whether a Court allows telephonic conferences and hearings is in its own sound discretion. *See, e.g., Ransom v. Osten*, 993 F.2d 884, 1993 WL 171475, *2 (9th Cir.1993) (unpublished opinion). MW & E was given

the opportunity to attend the hearing on its Final Fee Petition and it chose not to exercise that opportunity.[2] Even if this Court believes a telephonic conference would have been appropriate,[3] the Bankruptcy Court did not abuse its discretion when it rejected MW & E's request for such a hearing. Thus, the Bankruptcy Court did not abuse its discretion by denying MW & E's request for a telephonic conference.

### B. Final Fee Petition

■ Section 330(a) of the Bankruptcy Code provides bankruptcy attorneys should receive compensation for "actual, necessary services" they perform. The preparation of fee applications constitutes compensable actual and necessary services. *See, e.g., In re Nucorp Energy, Inc.,* 764 F.2d 655, 658–59 (9th Cir.1985); *see also In re Wildman,* 72 B.R. 700, 710 (N.D.Ill.1987) (permitting professionals compensation for reasonable time spent preparing fee applications). *But see In re Vogue,* 92 B.R. 717, 721 (Bankr. E.D.Mich.1988).

■ Section 330 of the Bankruptcy Code also requires a Final Fee Petition to be filed in any case in which an attorney was appointed to represent a debtor or other party pursuant to bankruptcy court order, even if the professional has already filed interim fee petitions. *See In re Callister,* 673 F.2d 305, 307 (10th Cir.1982); *In re Taxman Clothing Co.,* 134 B.R. 286, 291 (N.D.Ill. 1991). There is nothing in the record to suggest the Bankruptcy Court informed the parties this requirement was waived or that MW & E was on notice it did not have to fulfill the requirement of filing a Final Fee Petition. Thus, MW & E's filing of its Final Fee Petition was a required step in the process of reimbursement.

■ Because MW & E was required to file both interim and final fee petitions, it is

entitled to be compensated for the reasonable fees and expenses it incurred in preparing such petitions. The fact MW & E's substantive employment ended on June 30, 1994 does not bar its recovery, as long as MW & E does not seek reimbursement for substantive legal work performed after June 30, 1994.

■ Finally, MW & E argues the 16.8 hours of paralegal and attorney time spent preparing the Second Interim Fee Petition and the 2.5 hours of paralegal and attorney time spent preparing the Final Fee Petition are fully compensable and are not excessive. Section 330(a)(1) provides MW & E may recover for "reasonable" fees. It is unclear from the transcript of the hearing regarding the Trust Administrator's objections to MW & E's fee petitions whether the Bankruptcy Court made a ruling regarding the reasonableness of MW & E's requested fees. Therefore, the Court will remand this case to the Bankruptcy Court for such a determination. Such a determination must, however, be made in light of this Court's ruling that MW & E's preparation of the Second and Final Fee Petitions were actual and necessary services to the Debtor's estate.

Accordingly, based upon a review of the files, records, and proceedings herein, **IT IS ORDERED:**

1. The order of the Bankruptcy Court denying MW & E's request for a telephonic hearing is affirmed.

2. The order of the Bankruptcy Court ruling MW & E's Second Interim and Final Fee Petition were not necessary is reversed.

3. The case is remanded to the Bankruptcy Court for further proceedings consistent with this opinion.

**2.** The Court notes the minimal dollar amounts involved in this dispute, which evidently deterred MW & E from attending the hearing in Minneapolis, apparently did not have a similar effect when it came to appealing the Bankruptcy Court's decision.

**3.** The United States Supreme Court has voiced its support for telephonic hearings and confer-

ences to increase efficiency and reduce costs. *See Supreme Court of New Hampshire v. Piper,* 470 U.S. 274, 286, 105 S.Ct. 1272, 1279, 84 L.Ed.2d 205 (1985) (citing Hanson, Olson, Shuart, & Thornton, Telephone Hearings in Civil Trial Courts: What Do Attorneys Think?, 66 Judicature 408, 408–09 (1983)).

## CLARIFYING ORDER

This matter comes before the Court upon Plaintiff's "Motion for Clarification or Modification of May 17, 1995 Order." In its motion, McDermott, Will & Emery (MW & E) requests the Court modify its earlier order to clarify MW & E is entitled to receive costs, as well as attorneys fees, incurred in filing and distributing its Second and Final Fee Petitions. In addition, MW & E requests the sum of $1,500 in attorneys' fees and expenses from the Trust Administrator as reimbursement for its expenditures in pursuing its appeal of the Bankruptcy Court's Order.

■ The Court agrees MW & E is entitled to reimbursement for the costs it incurred in preparing the Second Interim and Final Fee Petitions. Although the May 17, 1995 Order does state MW & E is entitled to compensation for the "reasonable fees and expenses it incurred in preparing such petitions," [1] the Court will further clarify that the term "expenses" as used by the Court in the May 17, 1995 Order includes MW & E's costs. Therefore, the Court will modify the May 17, 1995 Order to provide that on remand MW & E is to be awarded the costs it incurred filing the Second Interim Fee Petition and the Final Fee Application.

■ MW & E also requests $1,500.00 as compensation for the time incurred in prosecuting this appeal. The Court appreciates the reasonableness of MW & E's request given the time it expended to bring the appeal. However, as this Court has stated in a prior case:

> [i]n private litigation, both counsel and client must equate the reasonableness of the endeavor both to the client and to the law firm in terms of the reasonable expectation of recovery. They both must appraise the effort not only in terms of principle but also in terms of the economics of litigation.

*Minneapolis Star and Tribune Co. v. United States,* 713 F.Supp. 1308, 1315 (D.Minn.1989) (J. Alsop). Furthermore, the Trust Administrator's position regarding the reimbursement of expenses incurred in preparing fee petitions was not frivolous. Bankruptcy courts have reached conflicting decisions on this issue. *Compare In re Courson,* 138 B.R. 928, 932–35 (Bankr.N.D.Iowa 1992) *with In re Hanson Industries, Inc.,* 90 B.R. 405, 410–11 (Bankr.D.Minn.1988). Based on these considerations, the Court will award MW & E only its costs on appeal, and not any additional sum for attorneys' fees.

Accordingly, based upon a review of the files, records, and proceedings herein, **IT IS ORDERED:**

1. The Court's Order of May 17, 1995 is modified to clarify that the term "expenses" as used by the Court includes McDermott, Will & Emery's actual and necessary costs incurred in filing and distributing its Second Interim Fee Petition and its Final Fee Application.

2. McDermott, Will & Emery is awarded the sum of $415.00 to be paid by the Trust Administrator as reasonable reimbursement for McDermott, Will & Emery's costs on appeal.

■

---

1. *See* May 17, 1995 Order, p. 459.