74 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roderick JOHNSON, Petitioner-Appellee,
v.
Brian GUNN, Respondent-Appellant.
 No. 94-55549.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 16, 1995.
Decided Jan. 10, 1996.
 
 1
 Before: HUG, LEAVY, Circuit Judges, and MUECKE, District Court Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Brian Gunn appeals the District Court's grant of petitioner's petition for writ of habeas corpus. We affirm.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 4
 Petitioner was convicted in Superior Court in Los Angeles, California of three counts of second degree robbery, with the use of a firearm. Petitioner admitted three of four alleged prior felony convictions. The trial court sentenced petitioner to a term of 21 years in prison, consisting of 5 years on count one; consecutive one-year terms for counts II and III; a consecutive four-year term for the firearm use enhancement; and two consecutive terms of 5 years for each of the prior felony convictions.
 
 
 5
 Petitioner appealed his conviction to the California Court of Appeal, which affirmed the conviction on March 17, 1992. Petitioner also filed a petition for writ of habeas corpus with the California Court of Appeal. The California Court of Appeal denied the petition on March 17, 1992. Petitioner filed a petition for review with the California Supreme Court, which denied the petition on May 27, 1992.
 
 
 6
 On June 22, 1993, petitioner filed an amended petition for writ of habeas corpus in the district court. The Magistrate Judge filed a report and recommendation on February 17, 1994, recommending that the petition for writ of habeas corpus be granted. The district court adopted the recommendation and granted the petition for writ of habeas corpus on March 31, 1994. Respondent filed a notice of appeal and an application for stay with the district court. The district court granted the motion for stay on April 28, 1994.
 
 DISCUSSION
 I. Standard of Review
 
 7
 This Court reviews a district court's decision to grant a petition for writ of habeas corpus de novo. However, a federal district court's findings of fact are reviewed under the clearly erroneous standard of review. Fed.R.Civ.P. 52(a); Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991); Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986), cert. denied, 484 U.S. 870 (1987). In the context of a petition for writ of habeas corpus, a state trial or appellate court's factual findings are presumed correct, unless they are not "fairly supported by the record." 28 U.S.C.A. Sec. 2254(d) (1994); Parker v. Dugger, 498 U.S. 308, 320, (1991). However, state court's conclusion that a constitutional error is harmless is a mixed question of law and fact that should be reviewed de novo and does not constitute a factual finding entitled to a presumption of correctness under Sec. 2254(d). Dickson v. Sullivan, 849 F.2d 403, 405 (9th Cir.1988).
 
 
 8
 II. Did the district court err in not finding that petitioner had failed to exhaust his state court remedies?
 
 
 9
 Appellant first argues that the district court erred in not finding that the petitioner had failed to exhaust his state court remedies for the federal claim presented to the district court. However, a review of the record in this case establishes that the claim was exhausted. A state prisoner must present all claims to the state courts on direct appeal or through collateral proceedings before a habeas corpus petition will be considered by the federal court. 28 U.S.C. Sec. 2254(b) (1994); Rose v. Lundy, 455 U.S. 509 (1982); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985); Sweet v. Cupp, 640 F.2d 233, 236 (9th Cir.1981). Exhaustion requires that petitioner's claims be fairly presented to the highest state court to provide that court with an opportunity to rule on the merits of petitioner's federal claims. Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986). A claim is "fairly presented" if the petitioner has described the operative facts and legal theories on which his claim is based. Picard v. Conner, 404 U.S. 270, 277-8 (1971). The claims must be presented to the state and federal courts as violations of the United States Constitution. Duncan v. Henry, --- U.S. ----, 115 S.Ct. 887, 888 (1995).
 
 
 10
 A review of the petitions for writ of habeas corpus and for review to both the California Court of Appeal and Supreme Court establish that petitioner "fairly presented" his claim to the state courts as a federal constitutional claim, using the same language that was used in the petition in district court. The petition filed with the California Court of Appeal alleged that (1) "petitioner unknowingly and involuntarily waived constitutional protection because he was not advised of the consequences of the admission" of the prior convictions and (2) "[t]he accused must be advised of the consequences of his admission before waiving his constitutional rights and admitting sentencing enhancements." The petitioner argued that the waiver must be voluntary and knowing and cited Boykin v. Alabama, 395 U.S. 238 (1970).
 
 
 11
 Similarly, the petition for review filed with the California Supreme Court stated that "the failure to advise was prejudicial because petitioner did not know the sentencing effect of the admission and would not have admitted the enhancement allegations had he been properly advised." The petition further stated that "the accused must be advised of the consequences of his admissions before waiving his constitutional rights and admitting sentencing enhancements," citing to Boykin. Thus, petitioner fairly presented his federal constitutional claim to both the California Court of Appeal and Supreme Court and the district court did not err in finding the claim exhausted.
 
 
 12
 III. Did the district court err in not according the California Court of Appeal factual findings a presumption of correctness?
 
 
 13
 The appellant argues that the district court erred in not deferring to the state court's findings that petitioner's counsel had "fully advised" petitioner of the effect of established priors. Appellant's argument, however, is without merit. The state court of appeal's finding was not clearly a historical factual finding as opposed to a mixed question of law and fact, which is not entitled to a presumption of correctness. Pursuant to 28 U.S.C.A. Sec. 2254(d), findings of fact by the state trial and appellate courts are entitled to a presumption of correctness. Sumner v. Mata, 449 U.S. 539, 547 (1981); Maxwell v. Sumner, 673 F.2d 1031 (9th Cir.1982), cert. denied, 459 U.S. 976 (1982). Unless the district court finds that one of the conditions set forth in Sec. 2254(d) exists or that the state court determination is not "fairly supported by the record," the petitioner must present convincing evidence to overcome the presumption. Parker v. Duger, 498 U.S. at 320; Sumner v. Mata, 449 U.S. at 550; Kennick v. Superior Court of California, 736 F.2d 1277, 1281 (9th Cir.1984). However, a state court's conclusion that a constitutional error is harmless is a mixed question of law and fact that should be reviewed de novo and does not constitute a factual finding entitled to a presumption of correctness under Sec. 2254(d). Dickson, 849 F.2d at 405.
 
 
 14
 In its opinion, the California Court of Appeal considered the issue of prejudice stating:
 
 
 15
 In the absence of such articulation [of a reason why petitioner was prejudiced] and since it is reasonable to conclude that his attorney (who took an active part at the plea-admission session) had fully advised him of the effect of established priors, we conclude the error to have been harmless.
 
 
 16
 E.R. at 46.
 
 
 17
 This statement is not a historical factual finding that is entitled to a presumption of correctness. Rather, the California court never reached the question of whether the attorney had advised petitioner as it determined that no prejudice existed and any error would have been harmless.
 
 
 18
 IV. Did the district court err in concluding that petitioner had not been informed of the consequences of admitting his prior felony convictions?
 
 
 19
 The appellant argues that the district court erred in finding that the petitioner was unaware of the consequences of admitting his prior felony convictions. However, the district court did not err in concluding that petitioner was not informed about the possible enhanced sentence.
 
 
 20
 The district court made a finding that the state court of appeals' conclusion that petitioner's counsel fully advised him of the effect of established priors was not supported by the defendant's evidence in the record, the declaration of petitioner's trial counsel. The presumption of correctness is rebutted if the district court finds that the state court factual finding is not "fairly supported by the record." Parker v. Duger, 498 U.S. at 320; Sumner v. Mata, 449 U.S. at 550; Kennick, 736 F.2d at 1281. The Magistrate Judge's determination satisfies the provision of 28 U.S.C. Sec. 2544(d)(8) and the district court did not err in making its finding.
 
 
 21
 An admission of a prior conviction in state court which subjects the accused to an enhanced sentence is the functional equivalent to a guilty plea to a separate charge. Wright v. Craven, 461 F.2d 1109, 1109 (9th Cir.1972). Due process requires that a plea be voluntarily and intelligently made. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969); Rodriquez v. Ricketts, 798 F.2d 1250, 1254 (9th Cir.1986), cert. denied, 479 U.S. 1057 (1987). The test to determine the validity of a guilty or no contest plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). See also Henderson v. Morgan, 426 U.S. 637, 645 n. 13, (1976); Brady v. United States, 397 U.S. 742, 749, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747, 757 (1970). "Before a court may accept a defendant's guilty plea, the defendant must be advised of the 'range of allowable punishment' that will result from his plea." Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir.1988). Because admission to a prior offense is equivalent to a guilty plea, this court has imposed protective measures to assure that the admission is voluntary and knowing. Those protective measures include the requirement that the accused be "aware of the consequences of his admission, such as possible enhancement of punishment imposed for a separate criminal offence." Bernath v. Craven, 506 F.2d 1244, 1245 (9th Cir.1974). In this case, the trial court record at the time petitioner admitted his prior convictions does not establish that petitioner was aware of the potential consequences of admitting his prior convictions, that he could be sentenced an additional eleven years. Thus, the record does not establish that the admission of the prior convictions was knowing and intelligent. Moreover, the district court found that the affidavit of former counsel did not establish that counsel informed petitioner that admitting the prior convictions could increase the sentence as much as 11 years. A review of that affidavit reveals that it is vague and does not clearly establish that counsel advised petitioner of the potential enhanced sentence that could occur if he admitted the prior convictions. In this case, the added sentence time was 10 years. Therefore, the district court did not err in concluding that petitioner had not been informed of the consequences of admitting the prior convictions.
 
 
 22
 AFFIRMED.
 
 
 
 *
 Honorable C.A. Muecke, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3